[Department Two.— May 4, 1883.]

IN THE MATTER OF THE ESTATE OF A. E. ROSE, DECEASED, CERTAIN MINOR HEIRS AND THEIR GUARDIAN, APPELLANTS, AND H. HIRSHFELD, ADMINISTRATOR, RESPONDENT.

ADMINISTRATOR—FINAL ACCOUNT—VOUCHERS—PROOF.—An order settling the final account of an administrator reversed for want of proper vouchers, and because the proof as to the correctness of the account was too general and indefinite.

APPEAL from an order of the Superior Court of the county of Kern.

The facts appear in the opinion of the court.

*Stetson & Houghton*, for Appellants.

*R. E. Arick*, for Respondent.

MYRICK, J.—This is an appeal from an order settling the account of the administrator.

Section 1631 of the Code of Civil Procedure provides that, in rendering his account, the administrator must produce and file vouchers for all charges, debts, claims, and expenses which he has paid, and he may be examined on oath touching such payments; if a voucher is lost, or for other good reason cannot be

produced on the settlement, the payment may be proved by any competent witness.

According to section 1632, he may be allowed any item of expenditure not exceeding twenty dollars for which no voucher is produced, if such item be supported by his own uncontradicted oath positive to the fact of payment, specifying when, where, and to whom it was made; but the aggregate of such allowances must not exceed five hundred dollars.

The vouchers produced by the administrator in this case, and used on the settlement of his account, numbered one to twenty-two, respectively, the receipts for sums paid the appraisers, clerk, attorney, and possibly some few others, were proper vouchers, and the items represented by them were properly allowed by the court; but the bulk of the so-called vouchers appearing in the transcript, from folio 57 to folio 88, are in no sense vouchers. We select one as a sample:—

"$27.87.          BAKERSFIELD, September 24, 1878.

"Pay to the order of Fred Hanes twenty-seven 87-100 dollars, United States gold coin, value received, and charge to account of Rose estate.

"M. PURCELL.

"To H. HIRSHFELD, Admstr. Rose estate."

This is not a voucher. H. Hirshfeld is the administrator of the estate. This paper may have been very well as a statement from M. Purcell to Mr. Hirshfeld that he should pay the amount to the person named; but it gives no information as to why the amount should be paid out of the funds of, or charged to, the estate; nor does it tend to prove that the amount was paid; it is no voucher from the payee. There is no statement of any fact in the account or in the report tending to show that the items represented by these so-called vouchers were incurred or paid in or about the business of the administration of the estate. The same may be said of the accounts and receipts contained in the transcript, from folio 91 to and including folio 96, except that these appear to have been receipted by the persons in whose favor the accounts were presented. The amount of $678.75 appears on the credit side of the account as cash paid L. Hirshfeld, supplies; but why the item was paid, or what relation the administration of the estate bore to these sup-

plies, or to the payment, in no way appears. On referring to the voucher or account of L. Hirshfeld & Co., on which the payment was made, we find the supplies to consist of potatoes, cream tartar, coffee, sulphur, flour, candles, tobacco, cigars, onions, leather, cash, tea, beans, bacon, rubber coat, pants, vest, axle-grease, sheeting, toweling, etc., etc.; but we are not informed in any manner what these articles had to do with the administration of the estate. It appears in the bill of exceptions that as to the items in the account of Hirshfeld & Co., the administrator was not particularly examined, but was asked generally as to whether they were necessary expenses in the care and management of the sheep and other property of the estate, and for the care and custody of the minor children, and he stated they were. The order settling the account contains no statement that proof of the correctness of the account was had, nor any finding as to its correctness. The evidence should have shown why the expenses were incurred, leaving the court to determine as to their necessity or propriety. When we observe that the items on the credit side of the account as allowed by the court aggregate $9,159.17, nearly one half of which is made up of items subject to one or the other of the above criticisms, we are free to say that the account was presented and attempted to be proven in a way far from that contemplated by the statute. It is a very easy matter for an administrator to present in writing a general synopsis of his administration, for doing so he is amply paid; we notice in this account an item of fees of administrator, $545.85, and for attorney's fees, $250; we think the requirements of the Code as to the method of conducting the business and settling the accounts should be complied with.

The order is reversed and the cause is remanded for further proceedings.

THORNTON, J., and SHARPSTEIN, J., concurred.