[No. 14465. Department Two. — November 9, 1892.]

FRANK SALMINA, APPELLANT, *v.* LOUIS JURI, EXECUTOR, ETC., ET AL., RESPONDENTS.

COSTS — COUNSEL FEES — EQUITY — DISCRETION OF COURT. — Counsel fees are not, as a general rule, recoverable in actions either in law or in equity, although in some equity cases they may be awarded, at the discretion of the court; but where the parties to an action in equity are hostile litigants, and each employs his own attorney, and contests the main issues of the case, the refusal of the court to allow the successful party his attorney's fees is not an abuse of discretion.

APPEAL from a judgment of the Superior Court of Napa County.

The facts are stated in the opinion of the court.

*F. E. Johnston*, for Appellant.

*A. J. Hull*, and *Dennis Spencer*, for Respondents.

McFARLAND, J. — Plaintiff averred that he and one Gambetta, now deceased, were partners in the business of farming, dairying, and stock-raising; that they owned, as such partners, certain personal property and also certain land; that in order to raise money for said business they borrowed two thousand six hundred dollars of the defendant Even, and as security therefor executed a mortgage upon said land to said Even; and that although said mortgage appears upon its face to have been executed by them as tenants in common, it was really executed by them as partners and for partnership purposes. The history of the alleged partnership, and many facts concerning it, are set forth in the complaint. It is then averred that Gambetta died, and that defendant Juri is his executor; that the said mortgage was not presented to said executor, and that the time for presenting the same has expired; that plaintiff, as surviving partner, has disposed of all the other partnership property and accounted for the same, and that there is no property other than said land out of which said debt to Even can be paid, and that Even threatens to enforce payment of the whole thereof against plaintiff. The prayer is, that the land be adjudged to be partnership assets, and the debt and mortgage partnership liability, and that the land be sold, and the proceeds of the sale be applied to the satisfaction of the mortgage debt, etc.

In the answer of defendant Juri, executor, nearly all the averments of the complaint are denied; and it is particularly denied that said land was partnership assets, or said mortgage debt partnership liability. The prayer of the answer is, that plaintiff take nothing by his action.

The court found the main issues in favor of plaintiff, and adjudged that the land be sold, and that the pro-

ceeds of the sale be applied first to the satisfaction of said mortgage, and that the surplus, if any, be divided between plaintiff and defendant Juri. This was accordingly done. There was a surplus amounting to nearly four thousand dollars, which was divided between said parties. The decree allowed the plaintiff his legal costs; and the fees of the commissioner who sold the land, amounting to $131, were also allowed out of the proceeds of the sale. But the court denied plaintiff's claim for an attorney's fee of two hundred dollars, and plaintiff appeals from the judgment, and particularly from that part thereof which denies the attorney's fee. No point is made against the judgment except the refusal to allow said fee.

As the real demand in controversy is less than three hundred dollars, it may be considered somewhat doubtful whether or not this appeal lies; but waiving that question, we see no error committed by the court below in denying the attorney's fee. The general rule is, that counsel fees are not recoverable in actions either at law or in equity. In some equity cases they may be awarded, at the discretion of the court. In the case at bar the parties were hostile litigants, each employing his own attorney, and contesting the main issues of the case; and it is difficult to see how the successful party is any more entitled to recover his attorney's fees from his opponent, than would be the successful party in any ordinary litigated case. Certainly the court below did not abuse its discretion in refusing to allow them.

Judgment affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.