[No. 15785.    Department Two.—May 27, 1895.]

HENRY MILLER ET AL., RESPONDENTS, v. MARGARET J. KEHOE ET AL., APPELLANTS.

FRAUDULENT CONVEYANCE—CREDITOR'S BILL—APPEAL—CONFLICTING EVIDENCE.—Upon a creditor's bill to set aside a conveyance alleged to have been made without consideration and with intent to hinder, delay, and defraud the creditors of the grantor, where there is a substantial conflict in the evidence, a finding that the conveyance was made to hinder and defraud creditors cannot be disturbed upon appeal.

ID.—RIGHTS OF ASSIGNEE IN INSOLVENCY—RECEIVER IN CREDITOR'S SUIT—SALE OF PROPERTY OF INSOLVENT.—Where a conveyance in fraud of creditors was made several months before a proceeding in insolvency was instituted against the grantor the assignee in insolvency is not entitled to recover the property as assets of the insolvent estate; but the property may be sold upon a creditor's bill by a receiver appointed for that purpose for the benefit of the creditors suing as plaintiffs in the action.

ID.—ATTORNEYS' FEES—COSTS—IMPROPER ALLOWANCE.—The court cannot decree attorneys' fees to be paid to the creditors, plaintiffs, nor to the assignee in insolvency, out of the gross proceeds of the sale of the property, nor can it allow costs to the assignee in insolvency out of the fund.

ID.—ATTORNEYS' FEES, WHEN AND WHEN NOT RECOVERABLE.—The general rule is that counsel fees are not recoverable by a successful party in an action either at law or in equity, except in enumerated instances where they are expressly allowed by statute.

ID.—ALLOWANCE OF COUNSEL FEES OUT OF FUND—COMMON INTEREST—ADVERSE CLAIM.—Counsel fees may be allowed in equity in an action for the preservation or distribution of a fund where all the parties have a common interest; but a plaintiff who brings suit for himself and others interested with him cannot recover counsel fees against a defendant who denies the right of each and all of the plaintiffs, and sets up in himself an adverse and independent title to the thing in litigation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*M. J. MacGrath*, and *Smith & Murasky*, for Appellants.

The adjudging of counsel fees in favor of the attorneys and creditors was error. (Code Civ. Proc., sec. 1021; *Williams* v. *McDougall*, 39 Cal. 80, 85.)

*Mastick, Belcher & Mastick, Mastick, Belcher, Van Fleet, & Mastick*, and *N. D. Anderson*, for Respondents.

The allowance of counsel fees was proper, as in such an action as the one at bar counsel fees are always allowed to the plaintiff. (*Patrick* v. *Montader*, 13 Cal. 434, 444. See *First Nat. Bank* v. *Holt*, 87 Cal. 158; *White* v. *Allatt*, 87 Cal. 245.)

*E. A. Belcher*, for Assignee.

McFARLAND, J.—This action was commenced by the plaintiffs, Miller, Horn, and Chapman, against the defendants, Margaret Kehoe and her husband, John W. Kehoe. It was averred in the complaint that said plaintiffs were creditors of the defendant John Kehoe; that said John was the owner of certain described real property, which he had conveyed to his wife, the defendant Margaret, with intent to defraud his creditors; and that he had commenced proceedings in insolvency, which prevented plaintiffs from obtaining judgments against him. The purpose of the action was to have the conveyance from said John to said Margaret declared fraudulent, and to have the property conveyed sold, and the proceeds of the sale applied to the satisfaction of defendant's debts. It is averred that the action was brought on behalf of said plaintiffs and also in behalf of other creditors "who may come in and make themselves plaintiffs to this action and contribute to the expenses thereof"; and it appears that certain other creditors did come in as plaintiffs. It was also prayed that when an assignee in insolvency of said John W. Kehoe should be appointed he should also be made

a party; and E. G. Rudolph, having been afterward
appointed as such assignee, appeared and filed a plead-
ing, in which he also averred that said conveyance from
John to Margaret Kehoe was fraudulent, and prayed
that it be decreed that the property described therein
was part of the assets of said insolvent, John Kehoe,
and passed to said assignee Rudolph.

The defendants, John and Margaret Kehoe, answered,
denying that said conveyance was fraudulent, and aver-
ring that the property described therein was acquired
with the separate funds of the said Margaret, and was
her separate property.

The court found that the said conveyance was made
without any consideration and with intent to hinder,
delay, and defraud the plaintiffs and other creditors. It
found, however, against the assignee, Rudolph, finding
that he " is not and was not entitled to have the said
deed canceled or annulled, nor to recover the said prop-
erty as assets of the said insolvent estate to be adminis-
tered by him in insolvency." But the court allowed
him his costs.

In the judgment the court, after adjudging the said
conveyance to be void as against plaintiffs and other
creditors, and that certain amounts of money were due
the various plaintiffs, decreed that a receiver appointed
for that purpose should sell the said real property, and
out of the proceeds of the sale pay the costs, and then
to the attorneys for certain plaintiffs nine hundred dol-
lars as attorneys' fee, and to the attorney for certain
other plaintiffs the sum of four hundred dollars, and to
the attorney for said assignee in insolvency four hun-
dred dollars; that the balance of " said fund " should
be distributed among the creditors in accordance with
their respective rights, and that the residue should go
to the defendant, Margaret J. Kehoe. The defendants,
Margaret and John Kehoe, appeal from the judgment
and from an order denying a new trial.

The contention of appellants that the evidence is in-
sufficient to support the finding that the conveyance

from John to Margaret Kehoe was made to hinder and defraud creditors cannot be maintained. There was evidence on both sides of that issue; and, as it presents a substantial conflict, we cannot disturb the finding. Neither do we think that there was any material error committed with respect to the admissibility of evidence offered on that issue.

As the conveyance was made several months before the proceeding in insolvency was instituted, the court was right in holding that the assignee in insolvency was not entitled to recover the property as assets of the insolvent estate.

We think, however, that the court below erred in decreeing that attorneys' fees should be paid to the plaintiffs or to the assignee in insolvency out of the gross proceeds of the sale of the property. That would be to make the defendant Margaret pay the attorneys' fees of plaintiffs out of the " residue" coming to her; and for this there is no warrant of law. For a short time the law of the state allowed certain attorneys' fees to the prevailing party in an action; but that provision was repealed in 1855 (Stats. 1855, p. 250); and since then " the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." The general rule is that counsel fees are not recoverable by a successful party in an action either at law or equity ( *Williams* v. *Mac-Dougall*, 39 Cal. 85; *Salmina* v. *Juri*, 96 Cal. 418); except in the enumerated instances where they are expressly allowed by statute. Counsel for respondents contend that this part of the decree can be maintained under the rule, sometimes applied in equity, that where it is necessary to bring an action for the preservation or distribution of a fund, and the action is brought by one beneficiary for the benefit of himself and all the other beneficiaries, the plaintiff may have a reasonable counsel fee out of the fund. This is merely compelling all the persons for whose benefit the action is brought to bear their share of the expenses of the suit, and is equitable

and just. But evidently the rule applies only to a case where all the parties have a common interest. It clearly does not allow a plaintiff who brings suit for himself and others interested with him to recover counsel fees against a defendant who denies the right of any and all the beneficiaries, and sets up in himself an independent and hostile right or title to the thing in litigation. In the latter case the plaintiff would be no more entitled to recover counsel fees from the defendant than he would be in an action of debt or ejectment. The only case cited by respondent on the point is *Patrick* v. *Montader,* 13 Cal. 434. In that case the court, without discussing the question, merely says that "the plaintiff's reasonable costs, disbursements, and counsel fees should be first deducted from the fund." But the case was a contest between attaching creditors over money in the hands of the sheriff who had obtained it through a sale of an insolvent debtor's property—the amount of the money being much less than the demands of the creditors. Here, then, the money in the hands of the sheriff was a fund belonging to the attaching creditors in which they were all interested, and in which the judgment debtor in the attachment suits had no interest whatever. There was no "residue" coming to him, and he was not a party to the action. And the money in the hands of the sheriff was the "fund" out of which the attorney's fee was allowed. But in the case at bar the residue of the proceeds of the sale of the property in excess of the amount due the creditors, with ordinary costs and expenses of sale, was no part of the "fund" belonging to plaintiffs out of which they could carve counsel fees. If there was any "fund" at all, within the meaning of the rule invoked, it was only that part of the proceeds of the sale of the property which was necessary to satisfy the claims of the creditors. *Alemany* v. *Wensinger,* 40 Cal. 288, presents a proper case for the allowance of counsel fees; for in that case all the parties had a common interest in the property or fund involved in the action.

With respect to the assignee in insolvency, it is clear that he was not entitled to counsel fees even upon respondent's theory; for it was expressly found that he had no interest in what is called the "fund." Neither do we see how he can have costs out of said fund.

The cause is remanded, with directions to the superior court to modify the judgment by striking out all that part thereof which directs the receiver to pay out of the proceeds of the sale attorneys' fees to the attorneys of any of the plaintiffs, and to pay any attorneys' fees to the said assignee in insolvency; and also by striking out that part of said judgment which decrees that the costs of said assignee be "paid out of said fund." In all other respects the judgment is affirmed.

TEMPLE, J., and HENSHAW, J., concurred.