[L. A. No. 439. Department One.—September 2, 1898.]

JUD SANGER, Assignee, etc., Appellant, v. THOMAS C. RYAN, Respondent; and LOS ANGELES GAS SAVING ASSOCIATION, Defendant.

INSOLVENCY—PARTNERSHIP—TRUST—COUNSEL FEES.—In an action by the assignee in insolvency of a partnership to recover shares of stock transferred to a trustee for the partners, within thirty days prior to the insolvency proceedings, the trustee is not entitled to recover counsel fees for defending the action unsuccessfully, merely because he accepted the trust in good faith, in ignorance of the insolvency, and of any intention to defraud the creditors of the partnership, and because he doubted whether the stock was firm property, or was the individual property of the partners, and defended the action in good faith, for the purpose of having the ownership of the stock judicially determined.

ID.—PROTECTION OF TRUSTEE—DEPOSIT IN COURT.—The trustee might properly protect himself, without breach of trust, by depositing the shares of stock in court, where the individual partners could claim them if shown to be their individual property.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Van Dyke, Judge.

The facts are stated in the opinion.

Parsons & Sherer, and Sidney J. Parsons, for Appellant.

Edwin A. Meserve, for Respondent.

CHIPMAN, C.—Action to have plaintiff declared to be entitled, as assignee in insolvency, to certain shares of defendant corporation.   The court found that J. B. Myer & Co. were declared insolvents August 7, 1896, and plaintiff is the duly elected assignee of said insolvents; the shares in question (of which there are one hundred) were of the value of one hundred dollars each and had been assigned by Myer & Co., owners, on August 3, 1896, to defendant Ryan, within thirty days prior to insolvency proceedings; the assignment was without consideration, and not in the usual course of business, but Ryan then had no knowledge of Myer & Co.'s insolvency; he had no beneficial interest in the stock or its dividends; the court further found

that "under the circumstances in which said stock was intrusted to the defendant Ryan, he had doubt whether it was partnership property of the said firm or the individual property of said Myer and Merrill, each being the owner of fifty shares," and that "An individual creditor of said Merrill, in an action against him, attached, or attempted to attach, fifty shares of said stock as the property of said Merrill, and said Ryan has in good faith made defense herein for the purpose of having the ownership of said stock judicially determined, and to relieve himself from liability as such trustee." As conclusion of law, the court found plaintiff entitled to the shares and dividends, "less, however, the sum of one hundred and fifty dollars hereby allowed to the said defendant, Thomas C. Ryan, for his reasonable expense incurred in the employment of counsel and otherwise in the litigation concerning said trust property." Judgment was accordingly rendered. The appeal is from so much of the judgment as awarded counsel fee to defendant Ryan, and comes here by bill of exceptions. It is claimed that the findings are not supported by the evidence; and the judgment is not supported by the findings.

It is contended that there is no evidence to sustain the finding that, under the circumstances in which the stock was intrusted to Ryan, he had doubt whether it was firm property or individual property of the firm's members; that an individual creditor of Merrill (one of the partners) attached, or attempted to attach, fifty shares, and that Ryan in good faith made defense in the present action to determine the ownership of the property. The only evidence submitted by defendant was that of his attorney, who testified that when Ryan was served with summons witness was employed by Ryan "to protect him as trustee, and to make such showing to the court as would reveal the fact that he held this stock as trustee for Mr. Myer and Mr. Merrill, and that he had no interest in it whatever other than as a trustee; and to put in such showing as would show that he held it in good faith; and to save him from the charge of having received it with any intent to defraud anybody; and to put in an answer in this case, and to make such showing as I thought was right and proper in order to protect the trust and to protect him from any claims against Mr. Myer and Mr. Merrill." The action was

brought September 2, 1896, and summons was served October 27th.

There was no evidence showing a trust further than as already stated by the witness, and there is no evidence showing "the circumstances in which said stock was intrusted to the defendant," as found by the court, other than as stated by the witness. There is no evidence tending to show upon what facts Ryan based his doubt as to whether the property, when assigned to him, was individual or partnership property. There is no evidence of any claims to the property, adverse to plaintiff, made upon Ryan until some time after he was served with summons. We think it doubtful whether the findings challenged are sustained by the evidence: but, if they were, we do not think they justify the conclusion of law or judgment that defendant should recover attorney's fees. He was not a trustee in such sense as were the persons in the numerous cases cited by him, in some of which it was held that "if the title to the property is assailed, he must defend it in court and out, as though it were his own, and may expend the trust funds in the employment of counsel for this purpose." *Glide v. Dwyer,* 83 Cal. 477, and *Floyd v. Davis,* 98 Cal. 591, are cited among other cases. The case in 83 California was that of foreclosure of mortgage by trustees holding the mortgage in trust to secure the holders of certain indebtedness. The case in 98 California related to the Lick trust. These cases are widely different from the one before us. Section 1021 of the Code of Civil Procedure provides as follows: "The measure and mode of compensation of attorneys and counselors-at-law is left to the agreement, express or implied, of the parties." The code expressly provides for payment of attorney's fees in foreclosure and contested election cases, enforcing mechanics' liens, partition cases, and probate matters and some others; and it was held in *Miller v. Kehoe,* 107 Cal. 340, that counsel fees may be allowed in equity in an action for the preservation or distribution of a fund where all the parties have a common interest; but it was also said that the general rule is that even a successful party cannot recover counsel fees in an action either at law or equity, except in enumerated instances where they are expressly authorized by statute. (Citing *Williams v. McDougal,* 39 Cal. 85; *Salmina* v. *Juri,* 96 Cal. 418.)

In the case we have here, defendant admitted that the property belonged to the insolvents, but denied the right of plaintiff to it.   He did not set up any right in anyone except the insolvents, and this he did in the face of the adjudication that they were insolvents and in face of the fact that their property had been transferred to plaintiff.   Defendant's ignorance of the fact that the assignment to him was in fraud of the creditors cannot, we think, avail him.   When the complaint was served upon him he then knew, if not before, that under the Insolvent Act the assignee was entitled to the possession of the property if it belonged to the insolvents.   He was not called upon by Myer and Merrill to defend their title as the owners in their individual capacity or otherwise, and his doubts, if he had any, as to whether they owned the stock as partners or otherwise cannot affect the question.   He chose to act as volunteer in a wholly unnecessary litigation without instructions or authority from the alleged beneficiaries—unnecessary, for he could have answered and deposited the property with the court, without any breach of trust on his part, where he would have been fully protected and where Myer and Merrill could have claimed it as their individual property if such it was.

We do not see that the findings stand in the way of correcting the error without a new trial; and therefore advise that so much of the judgment as allows counsel fees to defendant Ryan be reversed; and otherwise the judgment stand as rendered.

Britt, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment, so far as it allows counsel fees to defendant Ryan, is reversed; and otherwise the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.