ERMINE KILBY, Stockholder of the Movius Land & Loan Company, a Corporation, Suing in Behalf of Herself and All Other Stockholders Who May Come in and Contribute to the Expenses of This Action, and Be Made Parties Thereto, Respondent, v. THE MOVIUS LAND & LOAN COMPANY, a Corporation, A. L. Parsons as Receiver of the Movius Land and Loan Company, A. L. Parsons, J. H. Movius, M. O. Movius, E. A. Movius, W. R. Movius, C. E. Movius, M. M. Chizick, Paul Schultz, William Schultz, J. B. Wagner and J. Meyer Johnson, Appellants.

(215 N. W. 284.)

**Corporations — costs — attorneys' fees not recoverable unless expressly authorized by law.**

Attorneys' fees are not recoverable in an action unless expressly authorized by law.

---

Annotation.— On right to recover attorneys' fees for wrongful attachment, 25 A.L.R. 579; 39 A.L.R. 527; 7 R. C. L. 792; 2 R. C. L. Supp. 452; 4 R. C. L. Supp. 499; 5 R. C. L. Supp. 49; 6 R. C. L. Supp. 461.

Opinion filed August 20, 1927. Rehearing denied October 13, 1927.

Corporations, 14 C. J. § 1473 p. 948 n. 58 New. Costs, 15 C. J. § 248 p. 114 n. 88.

Appeal from the District Court of Richland County, *McKenna,* J. Modified and affirmed.

*Lauder & Lauder* and *Purcell & Heder,* for appellants.

*M. A. Hildreth,* for respondent.

BURKE, J. The plaintiff, as a stockholder in the Movius Land and Loan Company, brought this action in her own behalf, in behalf of all other stockholders, and in behalf of the Movius Land Company, the defendant. The purpose of the action being to set aside certain fraudulent sales of property belonging to the said Movius Land Company, and for an accounting between the defendants and the said Movius Land Company, and the plaintiff and other stockholders and creditors. There were demurrers by each of the defendants to the complaint which were overruled, and the defendants having answered, there was a trial, and the court found as facts, that on the 21st day of August, 1924, the district court of Richland county had appointed the defendant, A. L. Parsons, receiver of the defendant corporation, that this action was commenced on the 20th of February, 1925, and that in August 1925, the said A. L. Parsons commenced certain actions to set aside conveyances of land, transferred for stock, that nearly all of said actions have either been settled, or are pending in court, and that this court has no authority to interfere therein. He further found as a fact, and also, as a conclusion of law, that all of the defendants, excepting A. L. Parsons as receiver were liable in damages to the Movius Land Company in the sum of $100, that the plaintiff was entitled to damages against all of the defendants, excepting A. L. Parsons, as receiver for services of her attorney, and expenses in her suit in the sum of $500, and the taxable costs and disbursements as provided by law.

Upon the findings of fact judgment was duly entered in favor of the plaintiff for the sum of $500 attorneys' fees, and expenses, and plaintiff's cost and disbursements taxed and allowed by the clerk in sum of $110.81, and the sum of $100 damages against all of the defendants, excepting A. L. Parsons, as receiver, for the benefit of the Movius Land

and Loan Company and the Movius Land Co. a corporation. From which judgment the defendants appeal, upon the judgment roll, and under the settled practice, if there is error it must appear upon the face of the judgment roll.

There is just one question involved, and that is, was the plaintiff entitled to a judgment for $500 attorneys' fees? It appears upon the face of the record before us that all of the statutory costs amounting to $110.81 were taxed, and allowed by the clerk, and in addition to the regular statutory cost there was an attorney's fee of $500. The lower court in memorandum opinion held, that the plaintiff was entitled to an attorney's fee which he allowed at $500. In support of his opinion he cites the case of Forrester v. Boston & M. Consol. Copper & S. Min. Co. 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211; Grant v. Lookout Mountain Co. 93 Tenn. 691, 27 L.R.A. 98, 28 S. W. 90, and in Beyer v. North American Coal & Min. Co. 43 N. D. 405, 175 N. W. 216, the court said: "The fact remains that in equity the plaintiff is deemed to have a superior lien upon the specific assets that he has saved to the corporation. . . .. Whatever benefit the defendant received it still enjoys, and it is still obligated in equity and good conscience to pay the expenses properly incurred in the successful efforts to conserve its assets."

In the Grant v. Lookout Mountain Co. which is quoted in the Montana case, the court said:

"In the case at bar, if the corporation had instituted the suit, it would undoubtedly have been liable for the fees. We think it was such a suit as the corporation ought to have commenced, but the directors and officers having assumed an antagonistic position to the rights of the stockholders and illegally conveyed away all the corporate property, threatening the entire destruction and dissolution of the corporation, the minority stockholders had a right to intervene, and by bill in equity, protect the corporate interests. The company was an indispensable party to the suit, and for this reason the decree was not recovered for Grant, and the other minority stockholders, but for the corporation.

. . .

" 'The owner of stock in a corporation who sues for himself and all other shareholders, successfully, for a wrong done to the corporation, is entitled to be reimbursed his actual and necessary expenses, including

attorneys' fees, out of the corporate fund.' 2 Spelling, Priv. Corp. § 643. Kernaghan v. Williams, L. R. 6 Eq. 228; . . . Internal Improv. Fund v. Greenough, 105 U. S. 527, 26 L. ed. 1157; Central R. & Bkg. Co. v. Pettus, 113 U. S. 116, 28 L. ed. 915, 5 Sup. Ct. Rep. 387; Meddaugh v. Wilson, 151 U. S. 343, 38 L. ed. 186, 14 Sup. Ct. Rep. 356. We are therefore of opinion that this record shows that through the intervention of these minority stockholders the property of the corporation has been preserved, protected, and indeed recovered, after it had been illegally conveyed away, and that, such recovery inuring to the benefit of the corporation, the suit was, to all intents and purposes, the suit of the corporation itself. The Lookout Mountain Company is therefore responsible for proper and reasonable counsel fees, incurred by complainants in the prosecution of the suit."

In the case of Forrester v. Boston & M. Consol. Copper & S. Min. Co. 29 Mont. 406, 74 Pac. 1089, the court said: "It is to be observed in this case that the supreme court of Tennessee does not treat the attorney fee as a charge against the trust fund, payable only on condition that such fund is still under the control of the trial court; but holds that the derelict defendant corporation is directly liable for it. . . . We are not treating the decision just referred to as decisive of this case, but only as a precedent indicating the practice in courts of equity generally."

In the case of Campbell v. Provident Sav. & L. Soc. — Tenn. —, 54 L.R.A. 817, 61 S. W. 1090, the Tennessee court again holds: "That the fund reached by a general creditor's bill against an insolvent building and loan association is all absorbed by prior claims not secured by mortgage or other fixed lien, so that the one who instigated it will receive nothing, will not prevent the allowance of a reasonable fee to his solicitors out of the fund, since their work was done for the benefit of all the distributees." The authorities on the subject are found in the extensive footnotes to this case. It seems to be the settled law that if a stockholder brings an action in his own behalf and in behalf of other stockholders and is successful, he is entitled to costs and attorneys' fees against the corporation itself. The theory upon which the right of recovery rests, is that the action is brought for the benefit of the corporation, and therefore, it is only just and equitable that the corporation which receives the benefit, should stand the burden. The judgment for

attorneys' fees in this case, however, is not against the corporation, but against the other defendants personally, and it is the contention of the defendants that the theory upon which counsel fees are allowed does not apply in this case. The action was not brought for the benefit of these defendants, and they are not benefited by a recovery against themselves. It is therefore manifest that the theory upon which the counsel fees were allowed by the trial court does not apply in this case.

The case of Miller v. Kehoe, 107 Cal. 340, 40 Pac. 485, is a case very much in point, being also a case to set aside a fraudulent conveyance, and the court said: "We think, however, that the court below erred in decreeing that attorneys' fees should be paid to the plaintiffs or to the assignee in insolvency out of the gross proceeds of the sale of the property. That would be to make the defendant Margaret pay the attorneys' fees of plaintiffs out of the 'residue' coming to her; and for this there is no warrant of law. For a short time the law of the state allowed certain attorneys' fees to the prevailing party in an action; but that provision was repealed in 1855 (Stat. 1855, p. 250); and since then 'the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties.' The general rule is that counsel fees are not recoverable by a successful party in an action either at law or equity (Williams v. MacDougall, 39 Cal. 85; Salmina v. Juri, 96 Cal. 418, 31 Pac. 365), except in the enumerated instances where they are expressly allowed by statute. Counsel for respondents contend that this part of the decree can be maintained under the rule, sometimes applied in equity, that where it is necessary to bring an action for the preservation or distribution of a fund, and the action is brought by one beneficiary for the benefit of himself and all the other beneficiaries, the plaintiff may have a reasonable counsel fee out of the fund. This is merely compelling all the persons for whose benefit the action is brought to bear their share of the expenses of the suit, and is equitable and just. But evidently the rule applies only to a case where all the parties have a common interest. It clearly does not allow a plaintiff who brings suit for himself and others interested with him to recover counsel fees against a defendant who denies the right of any and all the beneficiaries, and sets up in himself an independent and hostile right or title to the thing in litigation."

In Sanger. v. Ryan, 122 Cal. 52, 54 Pac. 522, the court said: "The code expressly provides for payment of attorneys' fees in foreclosure and contested election cases, enforcing mechanics' liens, partition cases, and probate matters, and some others." The general rule is that even a successful party cannot recover counsel fees in an action at law or equity except in cases where they are expressly authorized by statute, and it was held in Brooks v. Forington, 117 Cal. 219, 48 Pac, 1073, "that counsel fees are not costs or disbursements in the action allowed by the statute to the prevailing party, under § 1021, California Code of Civil Procedure."

Section 1021, California Code of Civil Procedure in relation to attorneys' fees, is the same as § 7789, Comp. Laws 1913, that is the attorneys' fees must be left to agreement, express or implied, of the parties, then follows the provisions for statutory costs. § 7790, Comp. Laws 1913, provides, "When allowed the costs mentioned in § 7789 shall be as follows; " then follows the statutory costs and they do not include attorney or counsel fees. Section 7795, Comp. Laws 1913, provides that in actions other than those specified in § 7794 costs may be allowed for, or against, either party in the discretion of the court. What costs may be allowed? Those specified by statute, and since attorney fees are not specified they cannot be allowed under § 7595.

It is clear that our statute like the statute of California distinguishes between attorneys' fees and statutory costs. It also provides for attorneys' fees in the foreclosure of mortgages, and liens and divorce actions, and many others, and this court makes the same distinction in the case of Engholm v. Ekrem, 18 N. D. 186, 119 N. W. 35, wherein the court said: "Costs are purely the creature of statutes and can be awarded only when expressed by law," and to the same effect is the case of Power v. King, 18 N. D. 600, 138 Am. St. Rep. 784, 120 N. W. 543, 21 Ann. Cas. 1108; Whitney v. Akin, 19 N. D. 638, 125 N. W. 470; Casseday v. Robertson, 19 N. D. 574, 125 N. W. 1045.

It follows that the judgment must be modified by striking out that part of said judgment, which decrees a five hundred dollar attorneys' fee to the plaintiff, and when so modified the judgment be affirmed. It is so ordered.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.