Chellis M. Carpenter, of San Francisco, Cal., for plaintiff.

Faulkner & O'Connor and Harold Faulkner, all of San Francisco, Cal., for defendant.

WELSH, District Judge.

On April 6, 1939, plaintiff, Elvira Root, instituted this action against the defendant, Louise Brown Root, for the alleged alienation of the affections of plaintiff's husband. At the time of the commencement of this action, California Civil Code, Section 49, provided in part as follows:

"The rights of personal relations forbid:

"1. The abduction of a husband from his wife * * *."

During the pendency of this action, which has not yet proceeded to judgment, the portion of California Civil Code, Section 49, quoted above was repealed by the legislature and, effective at the same time as the repeal of the above quoted portion of the code section, there was added to the California Civil Code, Section 43.5 which provided in part as follows:

"No cause of action arises for:

"(a) Alienation of affection. * * *"

The defendant now moves to dismiss this action because of the repeal of the herein quoted portion of Section 49 of the California Civil Code and the enactment of Section 43.5 of the California Civil Code, St.1939, p. 1245, having the effect of abolishing all rights of action for alienation of affection. Defendant's motion is predicated upon the theory that plaintiff's alleged cause of action was based entirely upon a statutory right. And that with the repeal of the statute conferring the right upon her, her cause of action, not having then been reduced to final judgment, was extinguished. Plaintiff, on the other hand, claims that her right to recover for the alleged alienation of her husband's affections is not merely a statutory right. That it is a right recognized at common law. And that the accrual to her of this right before the statutory changes in California abolishing causes of action for alienation of affection became vested property in her of which she could not by statute become divested.

In the determination of the question whether plaintiff's right is purely statutory, or one recognized at common law, the court may look to but is not bound by the English cases interpreting the common law. The decisions of the courts of this country interpreting the English common law can be followed even though they be directly contrary to the decisions of the English courts on the precise question. Callet v. Alioto, 210 Cal. 65, 290 P. 438.

Defendant has referred us to but one English case as support for her contention that no right of action in favor of a wife for the alienation of her husband's affections was known to the English common law. That case is Lynch v. Knight, 9 H.L. Cas. 577, 11 Eng.Rep. 854. It appears that in that case, the action was one of slander of a married woman brought in the name of herself and her husband. The case was decided adversely to the plaintiffs but upon a ground of no interest here. And the question whether such an action may ever be brought by a wife for the loss of the society and affection of her husband resulting from slanderous words spoken of her was left open. As a moot question, the judges were divided in their opinions. The Lord Chancellor expressed the view that if in such an action the wife could show loss and injury, the action should lie; that loss of consortium or conjugal society

should not be considered a loss which would give a cause of action to a husband alone. His opinion, considering the reasoning on which it is based, would seem to favor the existence of a common law right in a wife to recover for the loss of the conjugal society of her husband resulting from the alienation by a third party of his affections. Defendant, in her brief, refers to certain language in this decision to the effect that no cause of action arises in favor of a wife for criminal conversation against the seducer of her husband; that in such case, a wife is not injured by her husband's adultery, as he would be by conjugal infidelity on her part. Defendant has also referred us to a line of authority holding that at common law, although a husband had a cause of action for criminal conversation, a wife had no such cause of action. The theory underlying this discrimination was that criminal conversation on the husband's part would not injure the wife, whereas, criminal conversation on her part would throw a suspicion of illegitimacy on the children and expose him to the danger of supporting another man's children.

Whatever the common law rule may have been in regard to a wife's right to recover for criminal conversation, it does not serve as authority for the denial of a common law right in her to recover for the alienation of the affections of her husband. Criminal conversation and alienation of affections are two distinct torts. The theory of the common law, as propounded in the case of Lynch v. Knight, supra, that a wife could not recover for the adultery of her husband since she suffered no injury thereby, does not hold good when sought to be applied to a cause of action for alienation of the husband's affections. In an alienation of affection suit, the gravamen of the action is the loss of the conjugal society, affection and fellowship of the plaintiff's spouse, a loss suffered in equal degree by a wife upon her husband's abduction as by a husband upon the alienation of his wife's affections. If a wife at common law was incapable of recovering for the alienation of her husband's affections, the reason was not that she suffered no injury thereby. Whether or not she had a right of action at common law for alienation of affections was not determined by the case of Lynch v. Knight. Nor does there seem to be any other English decision touching the question. In America, however, there is a conflict of authorities. But there is substantial authority holding that at common law, the wife did have a right of action for the alienation of her husband's affections, but her power to enforce the right was suspended during coverture because of the disabilities imposed by the common law upon a married woman. 30 Corpus Juris, 1119, 1120, footnotes 15, 16 and 17.

One of the most recent cases recognizing this right in the wife at common law is Holmstrom v. Wall, 64 S.D. 467, 268 N.W. 423, 424 (June 29, 1936), in which the court stated that "since the enactment of the statute removing the disability of coverture, there exists a present day 'common-law right' in the wife to maintain an action for the loss of the husband's society, affection, or consortium. This right exists independent of any statute".

In California, there seems to be no direct authority for this court to follow. However, it is apparent from the language contained in the case of Humphrey v. Pope, 122 Cal. 253, 54 P. 847, that the courts of the State of California, when and if called upon to decide the question now before this court, will follow that line of authorities developed in the United States which holds that at common law a married woman had a right of action for the alienation of her husband's affections, although her coverture imposed a disability upon her which operated as a bar to any remedy to enforce the right. In the case of Humphrey v. Pope, supra, the court decided that a wife could maintain an action of this kind because the right to sue in her own name is given her by Section 370 of the California Code Civ.Proc., and Section 49 of the California Civil Code gives her the right of action. This decision does not purport to hold that her right of action is purely statutory, based solely on Section 49 of the Civil Code. On the contrary, the court discusses the existence of a wife's right to maintain an action for alienation of affections independently of statute. On page 257, of 122 Cal., 54 P. on page 848, the court points out that the reason that at common law a wife could not maintain such action was because of her disabilities of coverture. The court states: "As the wife was then regarded, the courts, with perfect consistency, in denying her this action, simply added this to her many other disabilities. Obviously and grossly wrong, such, nevertheless, was the generally accepted theory of the common law. * * *

I have been able to find but two cases in this country not overruled, and respondent cites no others, where this barbarous discrimination has been approved. Duffies v. Duffies, 76 Wis. 374, 45 N.W. 522 [8 L.R.A. 420, 20 Am.St.Rep. 79]; Doe v. Roe, 82 Me. 503, 20 A. 83 [8 L.R.A. 833, 17 Am.St. Rep. 499]." Then, on page 258, of 122 Cal., 54 P. on page 848: "Opposed to this view, and giving to the wife a right of action, without joining her husband, on various grounds,—in some states because the statutes have removed the disabilities from the wife, in others on the broad ground that the wife should have the action,—we find a long array of decisions the force and reasoning of which are entirely satisfactory to our minds. * * * The cases are too numerous to be cited, and we content ourselves by referring to a few of them. Bennett v. Bennett (1889) 116 N.Y. 584, 23 N.E. 17 [6 L.R.A. 553], where it was said that the common law gave the right of action, but afforded no remedy, and that the remedy is now supplied by the Code. * * * Clow v. Chapman (1894) 125 Mo. 101, 28 S.W. 328 [26 L.R.A. 412, 46 Am.St.Rep. 468], where it was said: 'As the only reason why the wife formerly could not maintain an action for the alienation of her husband's affections was the barbarous common-law fiction that her legal existence became suspended during the marriage and merged into his, which long since ceased to obtain in this jurisdiction, there remains now not the semblance of reason, in principle, why such an action may not be maintained here.'"

Disability of coverture at common law, as a bar to the enforcement by a married woman of her right to recover for the alienation of the affections of her husband, has long since been removed in this state. Ever since its removal at least, and up to the time of the abolition in California of all causes of action for alienation of affections, the wife has been afforded the remedy with which to enforce her common law right of action for this wrong. But the common law right in her pre-existed the removal of that disability, awaiting only its removal either by statute or by the termination of the marriage relationship. It follows that the repeal by the legislature of California of the herein quoted portion of Section 49 of the Civil Code, and the enactment of Section 43.5 of said code abolishing all causes of action for alienation of affection did not destroy pending causes of action for alienation of affections, of which the present is one.

There is yet another reason why defendant's motion to dismiss must be denied. At the same time that the Legislature of California repealed the herein quoted portion of Section 49 of the Civil Code and enacted Section 43.5 in said code, eliminating all causes of action for alienation of affections, there was also added to the California Code of Civil Procedure Section 341.5, providing, so far as pertinent, as follows: "An action upon any cause of action arising before the effective date of this section for * * * alienation of affections * * *, must be commenced within sixty days after the effective date of this section * * *."

The above code section went into effect September 19, 1939, at which time this action was pending.

Defendant claims that the last quoted section of the California Code of Civil Procedure is merely a statute of limitations, applicable only to those causes of action for alienation of affections which were recognized at common law, that is, causes of action in favor of a husband but not a wife. Assuming that the wife's right of action in this case was based entirely on Section 49 of the Civil Code, and that she had no corresponding common law right, reasonable statutory construction does not warrant the application of the strained construction advanced by defendant, to the provisions of Section 341.5 of the Code of Civil Procedure. The construction of this code section, contended for by defendant, would preserve to a husband, but not to a wife, any accrued cause of action for alienation of affections not barred by limitation, provided the action is commenced within sixty days from the effective date of the code section. There is certainly nothing in the language of Code Civ.Proc. § 341.5 to indicate any legislative intent to discriminate between a husband and wife's right of action for alienation of affections. And there is no reasonable basis for any such discrimination. Where legislative intent is susceptible of two contrary constructions, that construction which leads to reasonable rather than unreasonable results should prevail. In this case, however, it cannot even be said that the intent of the legislature in enacting Code Civ.Proc. § 341.5, is susceptible of any other construction than that all causes of action for alienation of affection

arising, either under statute or common law, before September 19, 1939, the effective date of the code section, are preserved to the parties in whose favor the right has accrued provided action be commenced on any such cause of action within sixty days after the effective date of the code section.

It is therefore ordered, that defendant's motion to dismiss this action be and the same is hereby denied.