[L. A. No. 17440. In Bank.—June 27, 1941.]

Estate of ANGELA L. MARRÉ, Deceased. STEPHEN MILTON PIUMA, Appellant, v. HENRY L. MINETTI et al., Trustees, etc., Respondents.

Canepa & Castruccio and Horace W. Danforth for Appellant.

Dockweiler & Dockweiler for Respondents.

Andrew F. Burke, as *Amicus Curiae*, on behalf of Appellant.

GIBSON, C. J.—This appeal from an order of the Superior Court of San Luis Obispo County sitting in probate in-

volves the same parties who were before the court in *Piuma* v. *Minetti, ante,* p. 184 (this day decided). This appeal, however, is brought by the beneficiary from that portion of the superior court's order which denied his petition for an allowance from the trust funds with which to pay the fees of his attorney. The facts surrounding the controversy are set forth in *Piuma* v. *Minetti, supra,* and need not be repeated here.

■ There is no general rule which permits the recovery of attorney's fees by a successful litigant. Compensation for the services of an attorney must ordinarily be paid by the client employing him, in the absence of exceptional circumstances, such as a special agreement or special statutory provision. (*Miller* v. *Kehoe,* 107 Cal. 340, 343 [40 Pac. 485]; *Los Angeles Trust & Sav. Bank* v. *Ward,* 197 Cal. 103 [239 Pac. 847]; *Bank of America* v. *West End etc. Co.,* 37 Cal. App. (2d) 685, 696 [100 Pac. (2d) 318]; Code of Civ. Proc., § 1021; 7 Cal. Jur. 286; 7 C. J. S., 1043; 14 Am. Jur. 38.) In addition to the exceptions provided by statute there are certain actions in equity where the courts will award attorney's fees to a litigant. (*Salmina* v. *Juri,* 96 Cal. 418 [31 Pac. 365]; 7 Cal. Jur. 287; 14 Am. Jur. 44, §§ 70, et seq.; 34 Ill. L. Rev. 220.) Thus, plaintiffs who have succeeded in protecting, preserving or increasing a fund for the benefit of themselves and others may be awarded compensation from the fund for the services of their attorneys. (*Miller* v. *Kehoe, supra; Tulare County* v. *Dinuba,* 205 Cal. 111, 117 [270 Pac. 201]; *Farmers & Merch. Nat. Bank* v. *Peterson,* 5 Cal. (2d) 601, 607 [55 Pac. (2d) 867]; *Bank of America* v. *West End etc. Co., supra,* p. 696; 7 Cal. Jur. 287; 25 Cal. Jur. 354; 7 C. J. S., 1096–1100; 65 C. J. 722, § 585; 107 A. L. R. 749; 49 A. L. R. 1149; 35 Columb. L. Rev. 740; 25 Iowa L. Rev. 836.) In the present case the appellant beneficiary cannot bring himself within any of the recognized exceptions to the general rule that each party must pay his own attorney's fees since he has benefited no one but himself in prosecuting his action, and since the various beneficiaries were hostile litigants each employing separate counsel. (See *Salmina* v. *Juri, supra; Miller* v. *Kehoe, supra,* p. 344; 7 C. J. S., 1100.)

It is suggested that under the facts of this case attorney's fees constitute a necessary expense of the beneficiary and should, therefore, be paid from the trust funds as a portion of the amount due for support and maintenance. The amounts payable, however, are to be determined in the sole judgment

of the trustees, and under the facts here presented no ground is shown entitling appellant to an order of the court awarding him attorney's fees. The order of the trial court is affirmed.

Shenk, J., Edmonds J., Traynor, J., and Carter, J., concurred.

Appellant's petition for a rehearing was denied July 24, 1941.