[Civ. No. 9413.   Third Dist.   Dec. 23, 1958.]

LOUIS HOZZ et al., Respondents, v. VICTOR VARGA et al.,
Defendants; DON TREVASKIS, as Executor, etc.,
Intervener and Appellant.

Edward J. Rice for Intervener and Appellant.

Raymond H. Shone for Respondents.

SCHOTTKY, J.—This is an appeal from orders discharging a receiver, directing the payment of all funds in his custody, and approving the receiver's accounts.

Louis Hozz and his wife, Ettie Hozz, were the assignees of the beneficial interest of a deed of trust and the assignees of a note executed by Victor Varga. The deed of trust provided that upon default the beneficiary could personally or through a receiver appointed by the court take possession of the property, operate it, conduct the business (a motel), collect the rents and income and perform such acts as would be necessary to conserve the value thereof. The Hozzes, after an alleged default in the payments due on the note, applied to the superior court for an order appointing a receiver. An order to show cause was issued, and after Varga failed to appear, a Harry Heifetz was appointed receiver on May 7, 1954, and empowered "To take charge of, use, operate, manage and control the property . . . to conduct the business thereof, to collect the rents, issues, profits and income thereof, to apply the same to the payment of all unsual (sic) and necessary expenses of said property, including taxes, mortgage payments, management costs and all other regular and necessary costs of the operation of the business operated on said premises." On August 10, 1954, Varga and Henry J. Kleefisch filed a motion to vacate the order appointing a receiver. On November 19, 1954, Kleefisch abandoned his attempt to vacate the order and at the same time, after having received permission of the court, filed a complaint in intervention in which it was alleged that he was a party in interest against the original plaintiffs and Abe Hozz, the son of Louis and Ettie Hozz, who was named a defendant; that when the original note in the amount of $44,000 and the deed of trust were executed only $42,175 was actually due; that Varga was induced to sign a note for an amount $1,825 greater than the amount actually due; that on June 3, 1953, Varga executed a second note in the amount of $42,500 and delivered a deed of trust

as security which provided that the trustees could sell the property if a default occurred in the payments of the note; that this second deed of trust and the note were assigned to Abe Hozz; that at the time Ettie and Louis Hozz became the assignees of the first note and deed of trust the payments were in default; that they took the note and deed of trust subject to the set-off of $1,825; that in February, 1954, before any action was commenced, Varga conveyed his interest in the property to the intervener; that Heifetz was appointed a receiver and took possession of the property; that Abe Hozz prepared a notice of default which alleged that the junior obligation was in default because of a failure to pay interest when due; that foreclosure proceedings were had; that the power of sale was exercised and the property sold to the Hozzes, acting through and by Abe Hozz; that the sale was contrary to equity and contrary to and in disregard of law; that the intervener's rights were not divested by the sale; and that the amount in default on the second note, if any, was not a liquidated amount. The intervener asked that the rights of the parties be determined, that it be decreed that his rights were not divested, that the sale be adjudged void, and that his title be determined.

Thereafter, on March 21, 1955, the receiver filed his first account. He asked that the account be approved and that an order be made allowing compensation for his own services and for the services performed for him by an attorney. In the interim Kleefisch died and Don Trevaskis, the executor of his estate, was substituted for him. On December 31, 1956, the receiver filed his second account and petitioned for discharge on the ground that the property for which he had been appointed receiver had been foreclosed; that Louis and Ettie Hozz had become the owners; that there was no longer any reason for the receivership to continue; that his accounts be approved; that attorney's fees be granted; and that the receiver be discharged.

The matter was heard by the court, and the court made an order settling and approving the first and second accounts of the receiver and providing also that ''3. The attorney for said petitioner is hereby awarded $250.00 as and for attorney fees, and said Receiver is ordered to pay said attorney said amount,'' and that ''4. The Receiver, HARRY HEIFETZ, be, and he is hereby discharged as such Receiver, together with his surety, upon said Receiver rendering a closing Supplemental Statement of Account.'' The receiver filed this account, and

the court, on May 22, 1957, ordered the receiver discharged and that he turn over any funds in his possession to Louis and Ettie Hozz. The executor of the intervener's estate has appealed from each order.

Appellant's first contention is that the court erred in settling the two accounts of the receiver because none of the various items of account are supported by proper vouchers. In the instant case supporting vouchers were not filed with the accounts and were never formally introduced in evidence at the hearing, although they were admitted for identification and the court declared a recess in order to enable counsel for the appellant to examine them. It is, of course, the usual and better practice for supporting vouchers to be filed, and an account should not be approved unless it is supported by vouchers or other proof. (High on Receivers, 4th ed., § 798; 75 C.J.S. Receivers, p. 1040; see also *Estate of Rose*, 63 Cal. 349; *Purdy* v. *Johnson*, 174 Cal. 521 [163 P. 893]; *Estate of McCabe*, 87 Cal.App.2d 430 [197 P.2d 35].) The receiver testified as to the correctness of the items in the account, and the court was, no doubt, satisfied with the sufficiency of the proof and that the expenditures listed in the accounts were proper items or it would not have approved the accounts. While the matter might well have been handled by the respective counsel with more particularity, we do not believe that it can be held that the court erred in approving the accounts.

Appellant also contends that the accounts disclose that the receiver disbursed the sum of $1,595.91 for repairs and furniture which appellant alleges the receiver was not empowered to do without a previous application to the court. The order appointing the receiver read that he was to ''take charge of, use, operate, manage and control the property herein described and to conduct the business thereof, to collect the rents, issues, profits and income thereof, to apply the same to the payment of all unsual (sic) and necessary expenses of said property, including taxes, mortgage payments, management costs and all other regular and necessary costs of the operation of the business operated on said premises.'' We believe that the order authorized the receiver to make any repairs and purchase any furniture if such expenditures were necessary for the conducting of the business. The court in the instant case, no doubt, construed its own order appointing the receiver as authorizing the receiver to make such expenditures without further authorization. Furthermore, there is no rule

of law that deprives a court of power to reimburse a receiver for expenditures if they are proper and are approved by the court. (42 Cal.Jur.2d, Receivers, § 107.) It is clear that the court considered that the expenditures were proper.

Appellant contends also that "The court not only erred but exceeded its power (jurisdiction) and authority in awarding attorney fees to attorney acting for receiver in violation of law."

█ The attorney who acted as attorney for the receiver was also the attorney who acted as attorney for Louis and Ettie Hozz when they filed the petition which resulted in the appointment of the receiver. Rule 27b of the rules of the superior court forbids a receiver from employing an attorney without the approval of the court, and provides also that the application shall state that the attorney whom the receiver proposed to employ is not an attorney associated with any party to the proceeding. Appellant is correct in stating that the court could not properly, in the instant proceeding allow an attorney's fee to the attorney for the receiver, but it is clear from the record that the court did not make the allowance to the attorney for the receiver but to the attorney who represented the parties who were petitioners in the petition for the appointment of the receiver. Mr. Shone, the attorney for the receiver, stated frankly to the court that he could not be allowed any attorney's fees as counsel for the receiver, but that he was entitled to compensation for services as attorney in procuring the receivership, and the court stated: "On the cases cited I would be disposed to make the order on that basis, that is to say as compensation for procuring the receivership only, and I will do so, subject to checking the case cited." The order read "The attorney for said petitioner is hereby awarded $250.00 as and for attorney fees . . .", and we believe that in the light of the court's statement it should be construed as compensation for the work done by Mr. Shone in the proceeding to appoint the receiver. Thus construed it was a proper allowance, for as stated in *Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, at page 285 [153 P.2d 714] :

". . . The expense incurred by a litigant for legal services in causing the appointment of a receiver is as much an expense of administration as the charge of the receiver's counsel and should have priority to the same extent. (*Farmers' Loan & Trust Co.* v. *Green*, 79 F. 222 [24 C.C.A. 506] ; *Muskegon Boiler Works* v. *Tennessee Valley I. & R. Co.*, 274 F. 836; *McLane* v. *Placerville & Sacramento Valley R. R. Co.*, 66 Cal.

544

606, 622-623 [6 P. 748].) As is stated in *Estate of Marre,* 18 Cal.2d 191, 192 [114 P.2d 591]: 'Plaintiffs who have succeeded in protecting, preserving or increasing a fund for the benefit of themselves and others may be awarded compensation from the fund for the services of their attorneys.' "

Appellant also contends that the court erred in discharging the receiver while the complaint in intervention was not determined. As stated in High on Receivers, 4th edition, 974, 975: ". . . The power of a court of equity to remove or discharge a receiver . . . may be regarded as well settled, and it may be exercised at any stage of the litigation. Indeed, it would seem to be a necessary adjunct of the power of appointment, and to be exercised as an incident to or consequence of that power; . . ." In this case the receiver was appointed because the note for which the first deed of trust was security was in default. The property was then foreclosed and the Hozzes had the legal title. The reason for the appointment was then over. It would seem that the matter of termination was within the discretion of the trial court even though the complaint of intervention was not determined.

No other points raised require discussion.

The orders are affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied January 19, 1959, and appellant's petition for a hearing by the Supreme Court was denied February 18, 1959.

*Assigned by Chairman of Judicial Council.