[S. F. No. 7010.   Department One.—March 7, 1917.]

ANITA CHRISTAL PURDY, Appellant, v. ROBERT F. JOHNSON et al., as Trustees Under the Last Will and Testament of ALBERTO TRESCONY, Deceased, Respondents.

TRUST—OBLIGATION OF TRUSTEES TO ACCOUNT—FAILURE TO KEEP ACCOUNTS.—Trustees are under an obligation to render to their beneficiaries a full account of all their dealings with the trust fund, and where there has been a negligent failure to keep true accounts, or a refusal to account, all presumptions will be against the trustee upon a settlement.

ID.—PROOF OF ACCURACY OF ACCOUNTS.—In an action by a beneficiary against the trustee for an accounting, it is incumbent upon the

trustee to prove the accuracy of his account, and the burden of proof is not upon the beneficiary to point out the particulars in which the account is erroneous, or to go forward and establish affirmatively the impropriety of assailed charges and credits.

ID.—COLLECTION OF NOTES AND RENTALS BY TRUSTEES.—It is the duty of the trustees to collect promissory notes forming part of the trust estate, and they are liable for the amount of the notes with interest, unless they make it appear that the failure to collect the notes was not due to their fault. The same liability attaches to the failure of the trustees to collect rentals accruing from the trust property.

ID.—USE OF TRUST PROPERTY TO SECURE PERSONAL ADVANCES.—Trustees cannot use the trust property to secure repayment of advances made by them personally, as by so doing they assume a position antagonistic to that of their beneficiaries, and any advantage or profit received by them through the transaction is deemed in law to belong to the beneficiaries.

ID.—ADVANCES TO BENEFICIARIES—BANK TAGS—INSUFFICIENT VOUCHERS. Charges in the trustee's account for various sums of money claimed to have been advanced to the beneficiary through a bank are not sustained by evidence merely of memorandum checks or tags found among the papers of the bank, not signed by the beneficiary. Such tags do not constitute vouchers showing payment to the beneficiary.

ID.—INTEREST ON MONEY UNNECESSARILY BORROWED.—Trustees are not justified in borrowing more money than they need and charging the trust with interest on the sums so borrowed. Where they have idle money on hand, it is their duty to so apply it as to stop unnecessary interest charges.

ID. — STATING ACCOUNTS — DISALLOWANCE OF UNPROVED ITEMS.—In stating their accounts, it is the duty of the trustees to support every item thereof, and wherever they fail to support the correctness of a charge or a credit by satisfactory evidence, the item must be disallowed.

ID.—GOOD FAITH OF TRUSTEES—FAILURE TO KEEP ACCOUNTS.—The good faith of the trustees cannot save them from the consequences of their failure or neglect to perform their duty of keeping full and accurate accounts of their transactions, and whatever doubts arise from such failure or their inability to establish the items of their accounts must be resolved against them.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellant.

Daugherty & Lacey, for Respondents.

SLOSS, J.—The plaintiff is a granddaughter of Alberto Trescony, who died testate in the year 1892. The defendants, Robert F. Johnson and Julius A. Trescony, were the executors of the will of said Alberto Trescony, and are trustees thereunder. At the close of the administration of the estate, a decree of distribution was made, whereby one-third of the residue of said estate was distributed to the defendants as trustees, in trust to manage and control the same for the use and benefit of Anita Christal (now Anita Christal Purdy), the plaintiff herein, and Leo Christal, her brother, until they should respectively reach the age of thirty years, at which time or times the trustees were to pay over to said Anita Christal or Leo Christal, or both, their respective shares of the trust property, if, in the judgment of the trustees, said beneficiaries should "possess such habits of industry, prudence, and economy as to render it suitable and proper and expedient that she or he shall have the control and management of her or of his property." Thereafter, there was a proceeding in partition which resulted in the setting apart to the defendant trustees of certain parcels of land in severalty in lieu of the one-third interest theretofore distributed to them.

The complaint herein, filed in November, 1911, is in two counts. The first alleges that the plaintiff has arrived at the age of thirty years, and that the defendants have informed her that, in their judgment, she possesses the necessary habits and qualifications to entitle her to her share of the trust property, but that the defendants, notwithstanding her demand of a conveyance to her of an undivided one-half interest in said trust estate, refuse to convey the same. The second count is based upon charges of misconduct and impropriety on the part of the defendants in the management of the trust estate. It is alleged that while the defendants were acting as trustees, they filed in the office of the clerk of the county of Monterey, in which the estate of Alberto Trescony had been administered, six accounts of their transactions as trustees. Five of the said accounts were settled by the court, and no appeal had, in any case, been taken from the order settling

the account, and the time to appeal therefrom had expired. The sixth account had been set for hearing at the time of the filing of the complaint. It is alleged that the first, second, third, fourth, and fifth accounts were filed and presented to the court for hearing at times when the plaintiff was out of the jurisdiction, and had no notice or knowledge of the presentation of said accounts; and that the trustees had intentionally concealed from her the fact of the filing of said accounts, and of the hearing and settlement thereof. It is charged that in each of said accounts the trustees failed to account for all of the property and moneys received by them for the use and benefit of the plaintiff. They have, it is averred, wrongfully and fraudulently mingled the trust property with their own, and have carelessly and negligently managed said trust, and so carelessly kept the accounts thereof as to deprive plaintiff of a large amount of rents, income, and assets thereof. The complaint specifies a number of instances of alleged misconduct by said trustees, consisting mainly of the renting by them to J. A. Trescony, one of the trustees, of land belonging to the estate at a rental less than that at which similar lands were rented by them to others. It is charged that the other trustee, R. F. Johnson, and his wife, have occupied and used part of the trust property without accounting to the estate therefor; that the trustees failed to credit the trust property with the full amount received from tenants upon leases of portions of the trust property, that they failed to deposit in bank funds of the trust estate, using said funds for their own benefit, and thereby overdrawing their account in bank, and becoming liable for interest for the amount of said overdraft; that they have negligently permitted fences, buildings, and other improvements on the property to become out of repair. As a result of the failure of the trustees to keep proper accounts, the plaintiff has been wrongly charged in the sixth account with a sum of money as due from her to the trustees, whereas, in fact, the trustees are indebted to her in a sum of money exceeding seven thousand dollars.

The prayer of the complaint is that the defendants be required to convey to plaintiff an undivided one-half interest in the trust property; that the orders of the superior court settling the first, second, third, fourth, and fifth accounts of the trustees be set aside; and that the defendants be com-

pelled to account to the plaintiff for all other dealings and transactions with said trust estate.

The answer of the trustees denies all of the alleged misconduct and negligence with the exception of two items inadvertently omitted from the accounts settled by the court; alleges that the plaintiff is indebted to the defendants as trustees in a considerable sum; declares the willingness of the trustees to transfer an undivided one-half interest in the trust estate to the plaintiff upon the settlement of their accounts and payment by plaintiff to them of the sum of, approximately, fourteen thousand dollars, alleged to be due them for advances to her from the trust estate. The answer further denies all of the charges affecting the propriety or conclusiveness of the orders settling the first five accounts filed by the trustees, but declares that, "inasmuch as the plaintiff seems to be dissatisfied with the accounts referred to, in her complaint," the defendants join in plaintiff's prayer, and ask that the orders settling said five accounts be vacated, and that a new account be taken covering the entire period of the duration of the trust, and that upon payment of the amount found to be due by or to the plaintiff, the plaintiff receive from the defendants a conveyance of her interest in the trust property.

The findings of the court were, in the main, in accord with the denials and averments of the answer. It is found that a true accounting between the plaintiff and said trustees shows that the plaintiff is indebted to the trustees in the sum of $8,996.17 for moneys advanced to her by said trustees, which plaintiff refused to pay, and that the protection of the defendants requires that they retain control of the trust estate until the settlement of their accounts and the payment of said balance. All of the charges of concealment, or misrepresentation, of misconduct, and of negligence are negatived. It is found that there are some errors in the accounts filed by the trustees, but these are found to have been inadvertent, merely. There is a further finding "that in all matters connected with said trust estate and the management thereof said trustees have acted with the utmost fidelity toward the beneficiaries thereof and have conducted the same with prudence and economy." The court finds that the sum of five hundred dollars per annum is a reasonable amount to be allowed to said trustees as their compensation,

this amount having been charged and allowed in the several accounts heretofore presented by the trustees.

The judgment declares that a correct accounting of the trust estate up to January 1, 1909, shows a balance of $8,996.17 due from plaintiff to defendant trustees, and that the defendants recover this sum from plaintiff; that upon payment of said amount to the defendants, the defendants, as such trustees, execute and deliver to plaintiff a conveyance of an undivided one-half interest in the trust estate, but until such payment "said defendants as such trustees may hold and possess all of said trust estate." The plaintiff appeals from this judgment and from an order denying her motion for a new trial.

The appellant attacks these findings and conclusions in almost every conceivable particular. The record is very voluminous, and the appellant's briefs little less so. As it will not be practicable for us to follow counsel minutely into every branch of their exhaustive discussion of the facts and the law, we shall have to content ourselves with a more general survey and review of the situation.

The course of the trial was somewhat peculiar. By their answer the defendants waived any right they might have had to stand upon the settlement of their five accounts as a conclusive adjudication of the matters embraced in the decrees of settlement. They joined with the plaintiff in asking that every item involved in their management of the trust estate be investigated. The answer also admitted certain inaccuracies in the accounts as rendered. At the outset of the trial, the plaintiff called the trustees and examined them and other witnesses regarding a number of items in the various accounts which had been presented to the probate court. The trial ran on in this way for a number of days, when counsel for the defendants suggested that the case be continued to enable the trustees to submit the accounts to the examination of an expert accountant, with a view to having any irregularities and inaccuracies reconciled and explained. It was admitted that there were errors other than those specified in the answer, counsel saying that "it seems impossible for the court to any more than guess at what the result should be." After some discussion, the court granted the continuance, with a direction that the trustees employ experts and restate their account. After a lapse of several months, the

hearing was again resumed, and there was presented to the court a restatement of the account, prepared by Mr. Lutgen, an expert accountant. At this point the plaintiff insisted that the trustees must file their account and prove its correctness. The course actually followed, however, was to have the trustees take the stand without any direct examination on their own behalf, and to subject them to cross-examination by the plaintiff. The ensuing inquiry, involving an examination of a number of witnesses in addition to the trustees, and the production of much documentary evidence, consumed a great length of time.

We think the course pursued was irregular, and that its adoption was the result of a fundamental misapprehension of the nature and extent of the obligation of trustees to account to their beneficiaries—a misapprehension shared by the trial judge with counsel for defendants. As shown by its findings, the court below believed that the trustees had acted throughout in good faith and without any intent to deceive or overreach the plaintiff in any way. We are not disposed to dissent from this view, which we think finds adequate support in the testimony. But, conceding the good faith of the trustees, the fact remains that they had, by their own admission, failed to comply with the obligation which rests upon all trustees to keep full and accurate accounts of the trust funds coming into their hands, and to render an account thereof to their beneficiaries. "Trustees are under an obligation to render to their beneficiaries a full account of all their dealings with the trust fund (3 Pomeroy's Equity Jurisprudence, sec. 1063; 28 Am. & Eng. Ency. of Law, 2d ed.. p. 1076), and where there has been a negligent failure to keep true accounts, or a refusal to account, all presumption, will be against the trustee upon a settlement. (*Lupton* v. *White*, 15 Ves. Jr. 432, 440, [33 Eng. Reprint, 817]; *Blauvelt* v. *Ackerman*, 23 N. J. Eq. 495; *Landis* v. *Scott*, 32 Pa. St. 495.)" (*Bone* v. *Hayes*, 154 Cal. 759, 766, [99 Pac. 172].)

The entire trial was conducted upon the erroneous theory that the burden of proof was upon the beneficiary to point out the particulars in which the account was erroneous, and that she was bound to go forward and establish affirmatively the impropriety of the charges and credits which she assailed. Such is not the law.

That the defendants had failed to comply with their duty to keep accurate and detailed accounts is manifest from the facts already recited. In their answer the trustees, after admitting errors amounting to several thousand dollars, allege that the plaintiff is indebted to them in the sum of fourteen thousand dollars. The report of the expert shows an indebtedness of the plaintiff to the trustees of $9,904.95. The court finds that such indebtedness amounted to $8,996.17. These discrepancies, in and of themselves, demonstrate that many errors must have found their way into the accounts as presented.

If we take the statement prepared by the expert as a final account of the executors, the record furnishes no means of ascertaining how the court arrived at its conclusion that the balance due was $8,996.17. There is a mere general finding that the plaintiff is indebted to the defendants in this amount. Upon the new trial, which we shall have to order, the findings should be drawn in such manner as to disclose the particular items allowed and rejected. Even if we accept the ultimate finding as technically sufficient, it must be held the trustees failed to prove an account that would justify the judgment under review. The appellant's attacks upon the various items of the accounts are well founded in at least enough particulars to bring the balance well below the figure found by the court.

A few of the matters dwelt on by the appellant may be mentioned. A one-third interest in certain promissory notes belonging to the estate of Alberto Trescony was distributed to the trustees, and it is claimed that the trustees should have been charged with one-third of the face value of the notes not collected. It was the duty of the trustees to collect these notes, and they were liable for the amount of them with interest, unless they made it appear that the failure to collect the notes was not due to their fault: (*In re Sanderson,* 74 Cal. 199, 203, 204, [15 Pac. 753].) With respect to two of these notes, that of M. Orradre and that of D. Amestoy, there was no satisfactory showing that the notes could not, with due diligence, have been collected.

The trustees leased a part of the trust lands to J. Parsons, the lease containing a provision for the payment of $458.86 in addition to a proportion of the crop grown. A lease to Charles Parsons called for a payment of $116 in like man-

ner.  By the leases the trustees were given a crop mortgage
to secure these payments.  The cash rentals were not ac-
counted for.  The testimony of one of the trustees was that
these payments, although described as cash rental, in reality
represented a cash advance that had been made to the tenant
by the trustees personally.  The explanation conflicted with
the written lease which the defendants had executed as trus-
tees.  Furthermore, the arrangement testified to was in viola-
tion of their duty.  They could not use the trust property to
secure repayment of advances made by them personally.
(Civ. Code, sec. 2229.)  In so doing they were assuming a
position antagonistic to that of their beneficiaries, and any
advantage or profit received by them through the transaction
is deemed in law to belong to the beneficiaries.  (*Western
States Life Ins. Co.* v. *Lockwood,* 166 Cal. 185, [135 Pac.
496].)

Certain land was leased to Ingram and Sargent at an an-
nual rental of $1,425.  The accounts show that only $1,225
was collected for 1894.  The appellant claims, and rightly,
that the trustees were bound to account for the balance of
two hundred dollars, unless they could show some good reason
for the failure to collect it.  Johnson knew nothing about
the subject, and Trescony gave a vague and uncertain ex-
planation which can hardly be termed satisfactory.

From time to time the trustees advanced money to the
beneficiaries for living expenses.  In the account prepared
by Lutgen the plaintiff was charged with $1,228, claimed to
have been advanced to her in the Salinas City Bank, and not
charged to her in the original accounts.  These charges are
attacked as not being supported by vouchers or by the testi-
mony.  The objection is supported by the record.  The
charges were based by the expert solely on memorandum
checks or tags found among the papers of the bank.  They
were not signed by the plaintiff.  Such tags do not constitute
vouchers showing payment to her.  (*Estate of Rose,* 63 Cal.
349.)  Furthermore, many of the tags do not purport to
be for remittances to the plaintiff, but contain merely the
words, "For Remittance.  Debit Christal Heirs," "For
Check to S. F., Debit Christal Heirs Estate," "For Ck.
D. K. B. Co. Debit Christal Heirs Estate," and the like.
The appellants claim that the tags of this class aggregate
$700.35.  The defendants do not dispute this computation,

and we do not feel called upon to make a minute examination of the record to verify the figures. Regarding this charge of $1,228, the respondents say in their brief that the plaintiff was present during the trial and did not take the stand to deny receipt of the amounts specified in the tags. The fault in this argument is that which we have already mentioned as permeating the entire proceeding, viz., that it is assumed that the burden is upon the beneficiary to disprove the correctness of items in the account, whereas, in fact, the burden is upon the trustees to prove that charges made by them are proper.

The accounts filed in the probate court, as well as the restated account of Lutgen, contain charges against plaintiff for interest, aggregating thousands of dollars. Early in the history of the trust, the trustees opened an account with the Salinas City Bank. This account was almost continually overdrawn, and the bank charged interest on the overdraft at varying rates, compounded monthly. If it was necessary to borrow this money and the terms of the borrowing were reasonable, the charge was a proper one against the trust estate. But it appears that during all this time one of the trustees was collecting money for the trust estate. This money, or a large part of it, he would hold without depositing it in bank, and would pay it out from time to time on behalf of the trust estate. Obviously, if this money had been deposited promptly when received, it would have reduced the overdraft, and consequently the interest charges of the bank. While trustees are not ordinarily liable for interest on moneys coming into their hands unless they have improperly failed to invest them (Civ. Code, sec. 2261), they are certainly not justified in borrowing more money than they need, and charging the trust with interest on the sums so borrowed. Where they have idle money on hand, it is their duty to so apply it as to stop unnecessary interest charges. It is totally impossible to determine from the record what the proper computation of interest should be. As is said by respondents themselves, "it is undisputed that these books were kept without any reference to the correctness of the dates of the entry of receipts and expenditures." Upon the new trial, it will be the duty of the trustees to establish these dates, and where they are unable to do so, the computation must be made upon the basis most unfavorable to them.

Numerous other items in the account are attacked by appellant, but we think we have discussed enough of them to show that the judgment appealed from cannot be sustained. The case must be remanded for the taking of a new account in accordance with the established principles of equity. The court may either take the account itself or make a reference for that purpose. But whichever mode is followed, the account should be stated in accordance with the rules to which we have adverted, i. e., that it is the duty of the trustees to support every item of their account, and that wherever they fail to support the correctness of a charge or a credit by satisfactory evidence, the item must be disallowed. It is probable that upon any such settlement of the account, these trustees will be compelled to forego repayment of sums which they have properly and in good faith expended for the trust, and that they will be charged as having received money in cases where they have not, in fact, received it, and could not with reasonable diligence have received it. But, if this be the result, it will follow from the failure and neglect of the trustees to perform their duty of keeping full and accurate accounts of their transactions. Their good faith cannot save them from the consequences of this neglect. Whatever doubts arise from their failure to keep proper records or their inability to establish the items of their accounts, must be resolved against them.

We shall not make any disposition at this time of the questions of compensation of trustees and costs, both of which are discussed in the briefs. These matters can be disposed of by the court below upon the new trial, in view of the facts as then developed, and in accordance with equitable principles.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.