Filed 10/29/15  Josephson v. Thomas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CAROL JOSEPHSON, | |
| Plaintiff and Respondent, | E062070 |
| v. | (Super.Ct.No. PSP1200194) |
| ERWIN DALE THOMAS, as Trustee, etc., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James A. Cox, Judge. Affirmed.

Law Office of Armand Tinkerian and Armand Tinkerian for Defendant and Appellant.

Lopez & Wilmert, Larisa L. Wilmert and Darin J. Wilmert for Plaintiff and Respondent.

1

# I

## INTRODUCTION[1]

This appeal involves a dispute about a family trust between two siblings, appellant Erwin Dale Thomas, and his sister, respondent Carol Josephson. The probate court issued a decision imposing a surcharge against Thomas, the trustee, in the amount of $59,960.61, and awarded Josephson attorney's fees and costs of $12,203.55. The probate court denied Thomas's voluminous, 464-page, motion for reconsideration. (Code Civ. Proc., § 1008.) Thomas appeals.

Thomas's appellate briefs do not comply with the rules and protocols governing appellate briefs: "'"When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact." [Citations.] [¶] "It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact." [Citations.]' (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) An appellant has the duty to summarize the facts fairly in light of the judgment, and such duty '"grows with the complexity of the record."' (*Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 50.)" (*Jones & Matson v. Hall* (2007) 155 Cal.App.4th 1596, 1607.)

---

[1] Statutory references are to the Probate Code unless stated otherwise.

Thomas has not summarized "the facts fairly in light of the judgment." His factual summary and his arguments are based almost entirely on the ill-taken motion for reconsideration. We disregard most of Thomas's briefs as irrelevant. In spite of the appellate deficiencies, after reviewing the record, we affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

The Charles and Virginia Thomas Family Trust was established in February 1994. Charles died in 2003 and Virginia died in February 2010.[2] After their deaths, Thomas was the trustee.

In March 2012, Josephson filed a petition to compel Thomas to file an accounting. Thomas filed a response and presented an accounting for February 2010 through May 2012. The estate consisted of a dilapidated property worth $80,000 and three vehicles valued at $1,152. Thomas listed disbursements as of May 1, 2012, totaling $78,067.69, leaving assets of $3,085.82, of which only $1,933.82 was cash. In July 2012, Thomas filed a petition to settle the account, asserting that the three trust beneficiaries were Thomas, Josephson, and Jessica Ruger, Josephson's daughter.

In November 2013, the parties stipulated in lieu of trial to have the probate court decide the matter based on briefs submitted by the parties and evidence lodged with the court.

_____

[2] We use their first names for ease of reference.

3

In her trial brief, Josephson challenged the legitimacy of Thomas's accounting and submitted supporting portions of his deposition. Josephson set forth the following facts and assertions. Thomas is a licensed certified public accountant and a California lawyer. Thomas did not provide legal notices and accounting as required by a trustee and instead claimed the trust's real property for himself and his girlfriend, Pamela Scott. Josephson claims the trust provided that Ruger would receive all the animals owned by Virginia but that did not happen. Josephson argued that Thomas breached his duties as a trustee by mishandling or destroying the trust's vehicles; by letting Scott and her family live rent-free on the real property for two years and then selling it to Scott for less than fair market value for $80,000; by disposing of personal property; and by altering Virginia's beneficiary designations.

In his trial brief, Thomas argued that the value of the trust when Virginia died was $195,000: $115,000 in cash accounts and real property worth $80,000. $75,000 was paid to Virginia's father and uncle; $24,000 was a gift to Scott; and $13,000 was paid to Ruger. The trustee's fees were $2,863. The only evidence offered by Thomas was the pleadings and exhibits previously filed.

In her rebuttal trial brief, Josephson argued that Thomas's failure to keep proper records creates a presumption that all doubts will be resolved against him. (*Purdy v. Johnson* (1917) 174 Cal. 521.)

The probate court took the matter under submission and issued a detailed minute order on February 5, 2014. After the minute order issued, Thomas obtained a new lawyer

4

on March 3, 2014.

On June 17, 2014, the probate court filed its formal order, finding that Thomas had breached his fiduciary duties in several ways: 1) Thomas failed to send out the required notices of trust administration (§ 16061.7), failed timely to provide Josephson with the terms of the trust (§ 16060.7), and failed to provide information about the trust administration (§§ 16060 and 16061); 2) Thomas failed to act impartially and to avoid conflicts of interest when he did not inventory personal property and when he allowed Scott's family to live on the real property which he then sold to Scott (§§ 16003, 16004, and 16007); 3) Thomas failed to keep separate trust accounts and made unsubstantiated payments of $31,987.82 and additional disbursements of $1,141.94, $4,308, and $2,863, and attorney's fees of $19,659.85 (§ 16009). The total surcharge awarded by the court was $59,960.61. The court awarded Josephson attorney's fees of $10,000 and costs of $2,203.55 against the trust property. The balance of the trust was to be split three ways between Josephson, Thomas, and Ruger. According to our calculations, each beneficiary would receive about $16,000.

On June 18, 2014, Thomas filed a massive reconsideration motion, supported by three declarations and 50 exhibits. On appeal, Thomas claims this material constitutes "**undisputed evidence** based on **scientific certainty**!" Josephson opposed the motion as untimely and not being based on any new or different facts or law. The court denied the motion. Thomas appeals from the judgment.

5

III

DISCUSSION

We review the probate court's decisions for substantial evidence and abuse of discretion. (*Jones & Matson v. Hall, supra,* 155 Cal.App.4th at p. 1607; *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 872-873; *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

First, Thomas has failed to meet his burden on appeal to show that substantial evidence does not support the probate court's factual findings. Therefore, any error is deemed waived. (*Foreman & Clark Corp. v. Fallon, supra* 3 Cal.3d at p. 881.)

Even if waiver did not operate, Thomas did not meet his burden to demonstrate to the probate court that he kept proper records. If a trustee fails to keep proper records, all presumptions are against him and any doubts are resolved against him: "Trustees are also under an obligation to render to beneficiaries a full account of all their dealings with the trust property, and where there has been a negligent failure to keep true accounts all presumptions are against them upon a settlement. (*Purdy v. Johnson*, 174 Cal. 521 [163 P. 893].) Trustees are also under the duty to prove every item of their account by 'satisfactory evidence'; the burden of proof is on them and not on the beneficiary; and any doubt arising from their failure to keep proper records, or from the nature of the proof they produce, must be resolved against them." (*Estate of McCabe* (1950) 98 Cal.App.2d 503, 505.)

Thomas offered an accounting that was not supported by any documentary

6

evidence, such as receipts for work performed on the trust's real property. Meanwhile, in Thomas's deposition, he admitted to mishandling or misappropriating the trust vehicles. He did not open a trust bank account and commingled funds. He wrongly delegated the distribution of personal property to Scott and allowed Scott and her family to occupy the real property without paying rent before finally selling the property to Scott.

We reiterate: "The trustee must present to the trial court satisfactory evidence of the accuracy and propriety of the items in his account." (*Estate of McLaughlin* (1954) 43 Cal.2d 462, 465.) Based on the affirmative evidence submitted by Josephson and the absence of evidence presented by Thomas, it is indisputable that substantial evidence supported the trial court's decision to surcharge the trustee. (*Blackmon v. Hale* (1970) 1 Cal.3d 548, 560-561.)

As to the motion for reconsideration, Thomas had to demonstrate to the probate court that his motion was based on new or different facts that could not have been discovered earlier. (Code Civ. Proc., § 1008; *New York Times v. Superior Court* (2005) 135 Cal.App.4th 206, 212-213.) Instead, at oral argument, his new attorney—retained after the court ruled against him—admitted that some of the evidence had been misplaced and rediscovered in a storage locker. Thomas's two main points are that the $80,000 sales price for the real property was higher than some estimates and that he had to remove 13.5 tons of waste from the property and effect repairs before it could be sold. However, the probate court repeatedly observed that none of the information offered by Thomas was new or different. Even if the probate court considered the purported new or different

evidence, it would still conclude that Thomas breached his duties as a trustee.

We reject Thomas's insistence that the probate court was required to exercise its inherent authority to change its decision on its own motion before entry of judgment. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107, citing *Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1156-1157.) The probate court did not abuse its discretion in denying the motion for reconsideration. (*New York Times v. Superior Court, supra,* 135 Cal.App.4th at pp. 212-213; *Glade v. Glade, supra,* 38 Cal.App.4th at p. 1457.)

We recognize the probate court could award Josephson attorney's fees from the trust under the common fund doctrine. (*Rider v. County of San Diego* (1992) 11 Cal.App.4th 1410, 1422-1423.) However, we decline to make a discretionary award of fees on appeal where an increase in assets of trust did not substantially benefit any parties other than litigators. (*Estate of Gump* (1982) 128 Cal.App.3d 111, 118.)

IV

DISPOSITION

We affirm the judgment and order Josephson to recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.

8