Filed 9/14/22  Bye v. Mula CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PATRICIA M. BYE, as Trustee, etc., | H049271 |
| | (Santa Clara County |
| Plaintiff and Respondent, | Super. Ct. No. 1-12-PR-171643) |
| v. | |
| PAUL S. MULA II, | |
| Defendant and Appellant. | |

Appellant Paul S. Mula II (Paul)[1] challenges the probate court's order approving a third accounting petition filed by respondent Patricia M. Bye, who is the trustee of a trust created by Paul's aunt, Helene Mula Stouky.  Paul contends that the court's order is not supported by substantial evidence.  We conclude otherwise and affirm the order.

## I.  FACTS AND PROCEDURAL BACKGROUND

On July 17, 2019, Bye petitioned for approval of a third trust accounting covering a two-year period from June 2017 to June 2019.  The trust's assets exceeded $5 million. The trust owned a two-thirds interest in a Juanita Avenue residence, which had a fair market value of $540,000.  Paul's stepsister, Christina Smith, paid $1,957 a month in rent to the trust for the Juanita Avenue residence.  The trust paid $93,856.71 for repairs to the

---

[1] For clarity, we generally refer to the parties by their first names.

Juanita Avenue residence during this period.  The trust also owned a residence on Arbor Drive, which had a fair market value of $825,000.  Paul paid between $200 and $500 a month in rent for the Arbor Drive residence during this time period.

A hearing on the petition was set for October 25, 2019.  On October 15, Paul filed opposition to the petition.  His opposition did not request an evidentiary hearing or mention any evidence that he wished to present at the hearing.  On October 24, Paul filed a supplemental opposition to the petition.  On the face of his supplemental opposition, he for the first time requested an evidentiary hearing.  His supplemental opposition did not explain what evidence he wished to present at an evidentiary hearing.  However, in a letter to Bye dated October 24 and attached to his supplemental opposition, he made a number of requests of Bye.  One of these requests was that she "explain how you intend to recover the $93k spent on Juanita and why you are charging ½ of the market rent for the rental of Juanita Ave.  Explain when you will start charging Christina Weiss [Smith] market rent."  (Boldface & capitalization omitted.)

At the October 25, 2019 hearing on the petition, Paul argued that the $93,000 Bye had approved for repairs to the Juanita Avenue residence was excessive, in part because, he alleged, the residence was being rented for "half of market rent."  He requested an evidentiary hearing on the propriety of the $93,000 expense.  When the court asked him what evidence he wished to present at an evidentiary hearing, he explained "I want to interview the people that actually did work," "cross-examine Pat Bye" about "why she spent $93,000 on that piece of property that was collecting half of market rent," and "talk to Christina and find out what was the deal, why did she need to have $93,000 of work." He also said:  "I'd like to know if there's an agreement between Patricia Bye and my sister in regards to paying half market rent for the property, for all the extras that she's been given."

Bye's counsel then offered to have Bye testify, and Bye did so.  On direct examination by her own counsel, she testified that $93,000 had been spent over a two-

2

year period to make "health and safety" improvements to the Juanita Avenue residence because "a roof [] was falling in," a porch "was falling off the front of the house," windows were "leaking water into the home," and the bathroom had suffered "termite damage" and "mold" that required repairs. Bye also testified that there was "no side agreement" for reduced rent on the Juanita Avenue residence.

Paul then cross-examined Bye. He twice asked Bye to "[e]xplain to [him] why $30,000 was spent on a bathroom for a rental property that is collecting half of market rent." Both times the court sustained objections on the ground that the question assumed facts not in evidence.[2] Paul stated that the court was "just going to railroad [him]" and that he was being denied his civil rights. He made no attempt to adduce evidence at the hearing concerning anything other than the $93,000 expense. The probate court granted the accounting petition. Paul timely filed a notice of appeal from the court's order.

## II. DISCUSSION

Paul's sole contention on appeal is that the probate court's order is not supported by substantial evidence. He asserts that Bye failed to satisfy her burden of proof "regarding all charges and credits depicted in the Third Accounting, including the charges totaling $93,000.00 that were spent on remodeling Juanita Avenue, a property that Christina inhabits at a great discount and now inherits under the substituted judgment amendments to the Trust." Paul contends that "Ms. Bye's testimony did not provide substantial support for the correctness of the charges totaling $93,000.00, much less substantiate all other charges and credits in the Third Accounting." He does not suggest what "other charges and credits" he disputes, but in his reply brief, he narrows this contention to unidentified "contested line items in the accounting."

"[I]t is the duty of the trustees to support every item of their account." (*Purdy v. Johnson* (1917) 174 Cal. 521, 531.) Paul relies on Probate Code section 1022, which

_____

[2] Paul did not attempt to present any evidence of the fair market rental value of the Juanita Avenue residence.

3

provides: "An affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code." (Prob. Code, § 1022.) He reasons that the fact that he opposed the petition means that Bye was required to provide live testimony at the hearing to support each and every aspect of the third accounting.

Although Paul asserts that his request for an evidentiary hearing by itself constituted an objection to the court's consideration of Bye's petition and affidavits, in his request and in his arguments at the hearing he did not generally object to the court's consideration of the petition and the affidavits. Nor did Paul identify in his opposition or his supplemental opposition any fact he contested other than the propriety of the amount of the repairs to the Juanita Avenue residence. At the hearing, he did not interpose any objection to the court's consideration of Bye's petition and affidavits. As one of the cases Paul relies on explains, " '[a]bsent an objection, these documents were properly considered as evidence.' " (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620.) By failing to object at the hearing to the court's consideration of Bye's petition and affidavits, Paul forfeited his appellate claim that Bye was required to support each and every aspect of the third accounting with live testimony at the hearing. (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 377.) We therefore reject his contention that the probate court erred under Probate Code section 1022.

We next consider Paul's assertion that Bye failed to satisfy her burden to prove that the amount of the repairs to the Juanita Avenue residence was justified. We disagree. Bye's testimony at the hearing was sufficient to satisfy her burden of proof. She testified that these repairs were "health and safety" repairs needed to preserve the structural integrity and habitability of the residence, and the repairs she listed are consistent with that description. We reject Paul's sufficiency of the evidence challenge to the court's order.

4

## II.  DISPOSITION

The probate court's order is affirmed.  Bye shall recover her appellate costs.  (Cal. Rules of Court, rule 8.278(a)(1).)

_____
                       Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.




_____
Wilson, J.




**H049271**
*Bye, as Trustee, etc. v. Mula*