Filed 12/13/23  Miller v. Miller CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DUNCAN MACKENZIE MILLER,<br><br>     Defendant and Appellant,<br><br>v.<br><br>DEBORAH JEAN MILLER, as Trustee, etc.,<br><br>     Plaintiff and Respondent. | A166832<br><br>(Napa County<br>Super. Ct. No. 21PR000269) |

Plaintiff and respondent Deborah Jean Miller (Deborah) is trustee of The Elizabeth Anne Miller Residence Trust (Trust).[1]  Defendant and appellant Duncan Mackenzie Miller (Duncan), Deborah's brother, appeals from the trial court's order granting Deborah's petition for approval of her Trust accounting and for trustee compensation.  In the same order, the court denied his objection to the accounting.  We affirm.

The Trust was established by Elizabeth Anne Miller (Decedent) in December 1996.  Deborah, Duncan, and their sister Suzanne are named as equal beneficiaries.  Decedent died in March 2019.  Thereafter, Deborah has

---

[1] For clarity, we refer to the parties by their first names.  No disrespect is intended.

served as trustee. The Trust was funded with a piece of real property on Big Ranch Road in Napa. Deborah sold the real property in February 2022.

In June 2022, Deborah served Duncan with an accounting of the Trust for the period March 2019 through May 2022 (Accounting). The Accounting itemized all of the expenses and listed the date, recipient, purpose, and amount of each expense. In July 2022, Duncan filed a verified "Objection to First Accounting of Debbie Miller, Trustee and Request for Surcharge of Trustee and Other Remedies" (Objection). In September, Deborah filed a verified "Petition for Approval of (1) Trustee's First Account and Report of the Elizabeth Anne Miller Residence Trust; and (2) Request for Trustee Compensation" (Petition) that responded to the arguments in the Objection and attached the Accounting. The trial court conducted a hearing on the Objection and Petition in October. At the conclusion of the hearing, the court approved the Petition and rejected the Objection. The order is also memorialized in the court's minutes; the court did not issue a statement of decision. The present appeal followed.

On appeal, Duncan contends the trial court erred in approving the Accounting because Deborah presented "no documentary or testimonial evidence in support of the trust expenses during the contested evidentiary hearing." He relies on the proposition that trustees must "prove every item of their account by 'satisfactory evidence'; the burden of proof is on them and not on the beneficiary." (*Estate of McCabe* (1950) 98 Cal.App.2d 503, 505, citing *Purdy v. Johnson* (1917) 174 Cal. 521 (*Purdy*).) Further, he points out that, while Probate Code section 1022 provides that "[a]n affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code," "when challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate

2

hearing." (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620 (*Evangelho*); accord *Est. of Lensch* (2009) 177 Cal.App.4th 667, 676.)

While it is true that Deborah did not present any testimony or documentation to support the Accounting, Deborah points out in her brief on appeal that Duncan failed to object to the trial court's consideration of the detailed itemization in the Accounting, attached to her verified Petition, as evidence that the expenses were actually made. The record does indeed reflect that the trial court received the Accounting as evidence of the expenses without objection from Duncan. At the outset of the discussion about the Accounting at the hearing, the trial court stated, "The Court has received the request for approval of the accounting, and the request for trustee compensation and the objections. The accounting itself -- well, how do you want to proceed? It seems that . . . we're going to have a hearing on it. Any witnesses you intend to call?" Duncan's counsel stated that he had a couple witnesses, but that Deborah had the "burden of proof" to "substantiate the expenses." Deborah's counsel pointed out that Duncan had not filed a response to the Petition and argued the Petition was "essentially unopposed." The court stated the Accounting "really meets the burden of substantiating the account" and suggested the burden was on Duncan to "contest the amounts." Duncan's counsel cited the *Purdy* decision, argued Deborah had to prove the expenses by "satisfactory evidence," and suggested Deborah had to "provide receipts." In response, Deborah's counsel asserted that Duncan's Objection had not requested an evidentiary hearing and that Deborah had submitted the Accounting "under penalty of perjury." The trial court acknowledged Duncan's objections but stated, "the Court can look at the accounting . . . on its own, the Court can approve an accounting based on this level of proof." Duncan's counsel repeated that it was Deborah's burden to

3

substantiate the expenses, but he did not argue the Accounting was inadmissible on that issue.

After further discussion, the trial court stated, "I do see in the *Purdy* case that the burden is on the trustee to present the accounting, to substantiate the accounting. But the Court does have the accounting in front of it, and can see all of the line items from the accounting as it was filed. And I can really connect the dots between the accounting and the objections. And I do have all the supplemental documents in the objection, including text messages that are attached." The court then asked Duncan's counsel what evidence he intended to present. Counsel discussed his witnesses, and, again, did not object to the court considering the Accounting as evidence of the expenses.[2]

In rendering its decision at the end of the hearing, the trial court stated, "There was no evidence that after the accounting was filed that there was a request for any of the receipts, any of the supporting documents, et cetera, nor after the petition for the accounting was filed was there any objections made. In fact, the petition to approve the accounting had responses to the initial objections."

In his reply brief, Duncan does not dispute that he failed to argue that the trial court could not consider the Accounting as evidence of the expenses. Instead, he asserts that he only agreed that the court could take judicial notice of the Accounting. He points out that a trial court may not consider judicially noticed materials for the truth of the matters asserted. However, appellant provides no citation to the record supporting his assertion that the

---

[2] The main thrust of Duncan's evidence and argument at the hearing was that the expenses in the Accounting were unjustified. Duncan does not raise that issue on appeal.

4

trial court only took judicial notice of the Accounting. As explained above, the trial court's statements make clear that it received the Accounting as evidence, without objection from appellant.[3]

Accordingly, due to his failure to object below, Duncan forfeited any objection to the consideration of the Accounting as evidence of the expenses described therein. (*Evangelho*, *supra*, 67 Cal.App.4th at pp. 620–621; see also Evid. Code, § 353, subd. (a) [requiring objection to obtain reversal "by reason of the erroneous admission of evidence"]; *People v. Stevens* (2015) 62 Cal.4th 325, 334 ["Generally, a timely objection is required for reversal of a judgment on the merits on an alleged erroneous admission of the evidence."].)[4]

## DISPOSITION

The trial court's order is affirmed. Costs on appeal are awarded to respondent.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A166832)

---

[3] We also observe that Duncan makes his argument that the trial court only took judicial notice of the Accounting for the first time in his reply brief. Arguments made for the first time in a reply brief are forfeited. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.)

[4] Duncan also argues the trial court improperly placed the burden on him of disputing expenses, but the court acknowledged that Deborah bore the burden of substantiating the expenses.

5