Filed 7/3/25  Conservatorship of Julie C. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Conservatorship of the Person and Estate of JULIE C. | B341750 |
| LOS ANGELES COUNTY OFFICE OF THE PUBLIC GUARDIAN, as Conservator, etc., | (Los Angeles County Super. Ct. No. 21STPB04248) |
| Petitioner and Respondent, | |
| v. | |
| AMY BROPHY, as Successor Trustee, etc., et al., | |
| Objectors and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gus T. May, Judge. Affirmed.

Deems Law Offices and Joseph E. Deems for Objectors and Appellants.

Dawyn R. Harrison, County Counsel, Laura Quiñonez, Assistant County Counsel, and Lisa A. Anderson, Principal Deputy County Counsel, for Petitioner and Respondent.

_____

Amy Brophy as Successor Trustee of the Christopher Prettyman Special Needs Trust and Christopher Prettyman (collectively, Appellants) appeal a probate court order overruling their objections to a conservator's accounting of Prettyman's mother's estate. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Julie C.[1] has been under a court-ordered conservatorship since Respondent Los Angeles County Office of the Public Guardian (Public Guardian) was appointed as temporary conservator of Julie's person and estate on October 6, 2021. The conservatorship proceeding is Los Angeles Superior Court case No. 21STPB04248, and that is the case before us in this appeal (the Conservatorship Case). The Public Guardian became the permanent conservator of Julie's person and estate in February 2022. Letters of conservatorship issued.

The Christopher Prettyman Special Needs Trust (Prettyman Trust) was established in 2016 for the care of Prettyman, a dependent adult and Julie's son. Julie was initially the trustee of the Prettyman Trust, but after she was conserved, she was replaced by Amy Brophy in April 2022.

During the pendency of the Conservatorship Case, on August 2, 2023, Brophy filed a "Petition for Statutory and Related Relief Against the County of Los Angeles for Aggravated and Intentional Elder Abuse of Disabled Dependent Adult" in superior court case No. 23STPB08451 (the Related Case).[2]

---

[1] Because Julie is a conservatee, we refer to her by her first name and last initial. (See Cal. Rules of Court, rule 8.90(b)(2).)

[2] Appellants included a number of documents from the Related Case in the appendix they filed as part of the record on

Although the court ordered the Conservatorship Case and the Related Case related on August 16, 2023, they remain separate, and we summarize their procedural histories in turn.

## I. The Conservatorship Case (No. 21STPB04248)

On October 5, 2022, Brophy filed a Petition to Compel Return of Trust Property in the Conservatorship Case. (See Prob. Code, §§ 850, subd. (a)(1), (3),[3] 859; Welf. & Inst. Code, § 15657.5.) Among other things, Brophy claimed: approximately $77,000 had been transferred from the Prettyman Trust to Julie's bank account in March 2021; the Public Guardian was wrongfully holding those funds; and the Prettyman Trust should be given a lien against Julie's estate. The Public Guardian opposed the petition in part because Brophy "has not proven that any funds spent by [Julie] before the court ordered the temporary conservatorship on October 6, 2021[,] was [*sic*] not used on

---

appeal. (See Cal. Rules of Court, rules 8.120(a)(1)(B), 8.124.) But those documents are not part of the record in this appeal, and that is not the proper means to obtain judicial notice of them. (See Evid. Code, §§ 452, subd. (d)(1), 459; Cal. Rules of Court, rule 8.252(a)(1).)

Nevertheless, both parties' briefs discuss the proceedings in the Related Case and the Public Guardian has not objected to our considering the documents. We thus construe Appellants' appendix as a request for judicial notice and, so construed, grant it. (Cf. *Grosz v. California Dept. of Tax & Fee Administration* (2023) 87 Cal.App.5th 428, 448 [courts taking judicial notice " 'do not take notice of the truth of matters stated therein' "].)

[3] All further undesignated references are to the Probate Code.

[Prettyman]," and because Prettyman used Julie's bank card to make purchases for himself.

While that petition was pending, the Public Guardian filed a First Account Current and Report on April 21, 2023, covering the period September 28, 2021, through February 2, 2023. (See Prob. Code, §§ 1060–1064, 2620, 2640.) Brophy objected to the First Account Current on August 4, 2023, largely on the ground it failed to identify funds in Julie's estate ostensibly taken from the Prettyman Trust. (See § 2622.) The Public Guardian responded that because the court had yet to rule on Brophy's October 5, 2022, Petition, it was speculative and premature to include any funds purportedly owed to the Prettyman Trust in the First Account Current.

On January 26, 2024, the trial court overruled Brophy's objections to the First Account Current, granted the April 21, 2023, Accounting, and ordered the Public Guardian to file an accounting for the period February 3, 2023, through January 31, 2024, by May 31, 2024. The written order memorializing that decision was issued a few weeks later, on February 9, 2024, and specifically provided: "Nothing in this order should be construed as a determination that any property alleged to be property of the . . . Prettyman . . . Trust in the 10/5/2022 850 petition is in fact property of this conservatorship estate." There was no appeal.

Also on January 26, 2024, the trial court ordered Brophy to show cause why her October 5, 2022, Petition "should not be denied without prejudice given the relief requested is duplicative of the . . . petition [filed in the Related Case] and does not meet the appropriate relief for a conservatorship matter." After receiving briefing, the court denied the October 5, 2022, Petition without prejudice on April 16, 2024. There was no appeal.

4

The Public Guardian filed its Second Account Current and Report on May 24, 2024, for the period February 3, 2023, through May 7, 2024. Appellants objected, arguing the account was incomplete because it failed to identify funds in Julie's estate that the petition in the Related Case claimed belonged to the Prettyman Trust. The trial court overruled the objections and approved the Second Account Current and Report on August 16, 2024. Appellants timely appealed that order. (See Cal. Rules of Court, rule 8.104(a), (c)(2), (e).)

## II.  The Related Case (No. 23STPB08451)

Brophy initiated the Related Case on August 2, 2023, with a section 850 petition. Brophy stated her claims there were "in addition to and supplement [her] pending claims in" the Conservatorship Case–specifically, she asked the Public Guardian to recognize a portion of Julie's funds rightfully belonged to the Prettyman Trust and should be returned to it. However, the prayer for relief was largely identical to the prayer contained in the October 5, 2022, Petition, save for her requests the court find the Public Guardian "committed elder abuse upon a disabled dependent adult," reconsider its prior rulings, and provide an additional recovery for Prettyman. A few weeks later, Brophy filed a notice of related cases, and the court determined case Nos. 21STPB04248 and 23STPB08451 were related.

On January 26, 2024, the court issued an order to show cause in the Related Case "[w]hy this petition should not be denied without prejudice and refiled in the civil department as a[n] elder abuse case." After receiving briefing, the court allowed Brophy to file an amended petition in the Related Case, and later denied the initial petition without prejudice. Brophy duly filed a First Amended Petition on May 9, 2024.

After the order before us on appeal was issued in the Conservatorship Case, the court in the Related Case struck the First Amended Petition with leave to amend because it failed to comply with California Rules of Court, rule 2.112.[4] The parties inform us the Related Case remains pending.

## DISCUSSION

### I. Our Review Is Limited to the Order on Appeal

" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the . . . order appealed from.' " (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 (*Faunce*).) This notice of appeal was filed on October 15, 2024, and expressly appealed from the order entered in the Conservatorship Case on August 16, 2024, approving the Second Account Current. (See Cal. Rules of Court, rule 8.100(a)(1)–(2).) The Probate Code renders that order appealable. (See *Hudson v. Foster* (2021) 68 Cal.App.5th 640, 660 ["[a]n order settling an account of a fiduciary" is appealable]; Prob. Code, §§ 2620, subd. (a), 1300, subd. (b); see also Code Civ. Proc., § 904.1, subd. (a)(10).)[5] Thus, the order before us in this

---

**4** California Rules of Court, rule 2.112 requires each cause of action specifically state its number, nature, and the party asserting it against which other party or parties. (Rule 2.112(1)–(4).)

**5** We reject Appellants' assertion the order approving the Second Account Current is an order "[a]djudicating the merits of a claim made under Part 19 (commencing with Section 850) of Division 2." (§ 1300, subd. (k).) The order did no such thing. Brophy's section 850 claim(s) had already been dismissed from the Conservatorship Case four months earlier. And her section 850 petition in the Related Case remained pending.

6

appeal is the August 16, 2024, order approving the Second Account Current.

Appellants acknowledge "the First Account Current . . . is not the subject of this [a]ppeal," but portions of their briefing appear to take issue with both the January 26, 2024, order approving the First Account Current and the April 16, 2024, denial of Brophy's petition in the Conservatorship Case. To the extent Appellants argue their October 15, 2024, notice of appeal has brought those earlier orders before us, we do not agree. "We have no jurisdiction over an order not mentioned in the notice of appeal" and "no jurisdiction to act on an untimely appeal." (*Faunce*, *supra*, 222 Cal.App.4th at p. 170.) Not only was October 15, 2024, too late to appeal those orders (see Cal. Rules of Court, rule 8.104(a), (c)(2), (e)), but the notice expressly stated it appealed from the August 16, 2024, order.

Much of the rest of Appellants' briefing appears to challenge the trial court's decisions in the Related Case, as shown by the opening brief's repeated citations to the First Amended Petition and other documents filed in that case (even including events postdating the notice of appeal). But no notice of appeal in the Related Case was filed or is before us here, and therefore we have no jurisdiction to entertain Appellants' arguments concerning the trial court's actions in that proceeding. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113 [without a timely notice of appeal, " 'an appellate court is without jurisdiction to determine the merits of the appeal' "].) Rather, the trial court retains jurisdiction in that matter. (Cf. *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196–197 [" 'the trial court is divested of' subject matter jurisdiction . . . during the pendency of [the] appeal"].) Because the Related Case is not

7

before us, we decline Appellants' invitation to opine on that proceeding.

## II.  The Trial Court Did Not Err in Approving the Second Account Current

Appellants concede they "are not appealing what the accounting said" in the Second Account Current. Rather, they contend some property in the conservatorship estate actually belongs to the Prettyman Trust and should have been identified as a " 'liability' " in the Account. We disagree.

### A.  Legal Framework

We review the trial court's interpretation of the Probate Code de novo. (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.)

The Probate Code requires a conservator to periodically "present the accounting of the assets of the estate of the . . . conservatee to the court for settlement and allowance in the manner provided in Chapter 4 (commencing with Section 1060) of Part 1 of Division 3." (§ 2620, subd. (a).) That chapter provides "[a]ll accounts shall state the period covered by the account and contain a summary showing" applicable categories defined by statute, including assets, gains, disbursements, losses, and distributions during the period. (§ 1061, subds. (a)–(b).) "The summary shall be supported by detailed schedules" providing more information about those categories. (§ 1062, subds. (a)–(f).)

Certain additional schedules may also be required. (§ 1063.) For example, "[i]f, at the end of the accounting period, there are liabilities of the estate," a schedule must show: "(1) All liabilities which are a lien on estate or trust assets. [¶] (2) Taxes due but unpaid as shown on filed returns or assessments received subsequent to filing of returns. [¶] (3) All notes payable. [¶] (4) Any judgments for which the estate or trust is liable. [¶]

8

(5) Any other material liability." (§ 1063, subd. (g).) However, "no information in addition to that required in this chapter need be in an account." (§ 1060.)

Some individuals are permitted to file objections to the conservator's account. (§ 2622.) Those "written objections" must "stat[e] the items of the account to which objection is made and the basis for the objection." (*Ibid.*)

## B.  Appellants' Objections Were Properly Overruled

Appellants' objections were properly overruled because Appellants failed to offer any documentary or other substantive proof to support their assertion the account omitted a "liabilit[y] of the estate." (§ 1063, subd. (g).) The question whether certain property in Julie's estate in fact belongs to the Prettyman Trust, and the amount of any fees or penalties arising from the supposed withholding of those funds, is being litigated in the Related Case and is not before us in this appeal. Appellants have cited no authority supporting their notion that an objector's claim for a potential, future recovery amounts to a "liabilit[y]" that must be reported pursuant to section 1063, subdivision (g).[6] On this record, the trial court appropriately overruled Appellants' objections and approved the Second Account Current.[7]

---

[6]  On the contrary, "an order settling an accounting in a conservatorship proceeding has res judicata effect." (*Knox v. Dean* (2012) 205 Cal.App.4th 417, 424; see also § 2103, subd. (a).) That supports the Public Guardian's position it would be inappropriate to prematurely include a speculative claim.

[7]  We reject Appellants' inapposite reliance upon cases in which beneficiaries filed complaints against trustees for alleged misconduct. (See *Estate of McCabe* (1950) 98 Cal.App.2d 503, 504, 508; *Purdy v. Johnson* (1917) 174 Cal. 521, 523–525; cf. *Clark v.*

### C. We Reject Appellants' Remaining Contentions

While Appellants' remaining contentions are difficult to discern, they appear to argue the trial court should not have relied upon the affidavits the Public Guardian submitted with the Second Account Current and should have held an evidentiary hearing on their objections. (See § 1022.) " '[W]hen challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate hearing.' " (*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309 (*Bennett*).) However, " 'where the parties do not object to the use of affidavits in evidence, [they] cannot question the propriety of the procedure on appeal.' " (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620 (*Evangelho*).)

Appellants have not shown they objected to the trial court's reliance upon affidavits in evaluating the Second Account Current, let alone requested an evidentiary hearing. (Cf. *Bennett, supra*, 163 Cal.App.4th at p. 1309 [issue was preserved for review where party "asserted in written opposition and at the hearing that factual conflicts presented by the parties' competing declarations mandated an evidentiary hearing"].) While Appellants objected to the Public Guardian's account because it was incomplete and did not include the amount ostensibly owed to the Prettyman Trust, those were "not objections to the type of

---

*State Bar* (1952) 39 Cal.2d 161, 164–165, 172–173 [attorney's appeal from bar suspension due to negligent performance as guardian of an estate], superseded by rule on other grounds as stated in *Black v. State Bar* (1962) 57 Cal.2d 219, 227.) This appeal does not involve a complaint by a beneficiary against a trustee; it arises from an order approving a conservator's interim accounting of a conservatee's estate.

10

evidence before the trial court." (*Evangelho*, *supra*, 67 Cal.App.4th at p. 621.) " 'Absent an objection, the[] documents were properly considered as evidence.' " (*Id.* at p. 620.)

Because Appellants failed to object to the trial court's reliance on affidavits and failed to request an evidentiary hearing, they forfeited appellate review of those issues. (See *Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 377.)

Despite the lack of merit in this appeal, the gravamen of Appellants' concern appears to be their frustration with the pace of the trial court's proceedings to determine the amount owed to the Prettyman Trust (and the accrual of additional costs during that process). But whatever the solution to adjudicating that issue expeditiously in the trial court, it is not before us in this appeal and provides us no ground to reverse an order that properly excluded a potential, as-yet undetermined liability.

## DISPOSITION

The order is affirmed. The Public Guardian is entitled to costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(4).)


RICHARDSON, J.

WE CONCUR:


ASHMANN-GERST, Acting P. J.


CHAVEZ, J.


11